Isgrigg, Executor, *v.* Schooley *et al.*

### No. 14,384.

### ISGRIGG, EXECUTOR, *v.* SCHOOLEY ET AL.

LIFE INSURANCE.—*Benefit Society.—Equitable Change of Beneficiary.—How Effected.*—S. was the holder of a beneficiary certificate in a mutual benefit society. The by-laws of the order provided that when a member desired to change the beneficiary named in the certificate, he must, among other things, surrender the old certificate. The beneficiary originally named had been the wife of the deceased. She abandoned him, however, and refused to live with him, and without his consent took the certificate away with her. Upon a demand for its return, she stated that it was lost. The deceased being desirous of changing the beneficiary, complied with all the requirements of the by-laws in respect thereto, save the surrender of the old certificate, assigning its alleged loss for his failure to do so. It is charged that the officers of the subordinate lodge conspired with the wife to prevent the change of beneficiary, and refused to certify said application, etc., and no new certificate was issued.

*Held*, that the acts of the decedent constituted an equitable change of beneficiary, and that the person in whose favor the decedent desired a new certificate to issue was entitled to the fund.

SAME.—*Right to Change Beneficiary.—Non-Compliance with By-Laws.—Effect of.*—The right of the assured to make a change in the beneficiary existed as soon as the certificate was issued. It was his duty, while it was within his power to do so, to follow the mode provided by the by-laws in making the change. Whenever a state of circumstances existed, however, which deprived him of the power of literally complying with the conditions of the by-laws he was relieved of a literal compliance therewith, but was not divested of the right to make the change. Having done all in his power toward complying with the by-laws in making the change, and having been prevented by the wife from a formal compliance, she can not now set up her own wrongful act to prevent a recovery for the benefit of the new beneficiary.

SAME.—*Right of ·Beneficiary.—How May be Defeated.—Imperfect Changes of Beneficiaries.—Equitable Rule.*—The beneficiary in such a certificate of insurance does not, during the life of the member, have an indefeasible right in the contract or fund, but such beneficiary has an interest which can only be defeated by a change effected in the manner provided by the by-laws. There are exceptions, however, to this general doctrine, and equity will aid imperfect changes of beneficiaries, and considers that done which ought to have been done, and never requires impossibilities.

PLEADING.—*Written Instrument. — Exhibit. — Cross-Complaint. — Practice.—*

Where a written instrument, which is the foundation of a cross-complaint, has been exhibited with the complaint, it may be referred to in the cross-complaint by reference to the complaint, without again setting it out as an exhibit.

From the Clark Circuit Court.

*J. H. Stotsenburg* and *J. B. Merriwether,* for appellant.

*J. K. Marsh,* for appellees.

OLDS, J.—In May, 1882, William H. Schooley became a member of Hoke Lodge, No. 177, Knights of Honor. A beneficiary certificate for $2,000 was issued to him by the supreme lodge payable to his wife, Ida M. Schooley, at his death. William H. Schooley died October 31st, 1886. Ida M. Schooley, the wife and beneficiary named in the certificate, brought suit in the Clark Circuit Court against the Supreme Lodge Knights of Honor to recover the fund, $2,000. The supreme lodge appeared by attorney and alleged that Edward G. Isgrigg, Ida M. Schooley and David Rodman were each claiming the fund, and asked an order that said lodge be permitted to pay said fund into court and that said parties be required to litigate between themselves and determine their rights to the fund, and that said lodge upon the payment of the fund into court be discharged. An order was accordingly made and the supreme lodge paid the money into court and was discharged. Rodman disclaimed any interest in the fund, and the said Edward G. Isgrigg filed a cross-complaint claiming the right to the funds as executor of the last will of said William H. Schooley, deceased. The cross-complaint of Isgrigg alleges the death of William H. Schooley, and that the said Isgrigg was duly appointed as executor of his last will and testament; the issuing of the certificate in which his wife, Ida M., was named as beneficiary; that by the by-laws of the order the beneficiary could be changed by the member and another substituted; that more than two years prior to the death of William H. Schooley, his wife, Ida M., abandoned him and

failed and refused to live with him, or even visit him, though requested; that at the time of and during such abandonment he, the said William H., was an invalid, having consumption, unable to care for himself; that said William H., by his last will, had devised said fund to said Isgrigg to pay the persons who had taken care of him during his sickness after his said wife had abandoned him; that the by-laws of the order provided that when a member desired to change the beneficiary named in his certificate he should indicate his desire in writing to his subordinate lodge, surrender the old certificate and pay fifty cents for a new certificate, and that upon the member making such request and paying the fifty cents it was made the duty of such subordinate lodge to forward the same to the supreme lodge and the supreme lodge would issue a new certificate in the name of the new beneficiary and cancel the old one; that prior to the death of said William H. Schooley he made application to his subordinate lodge to which he belonged to change the beneficiary from his wife, Ida M., to said Edward G. Isgrigg, his uncle, who had cared and provided for him in his sickness, and who would continue to provide for him; that he made a written application and demand for such change to said lodge in open session, stating as his reasons therefor that his wife, Ida M., had abandoned him and refused to nurse or care for him in his sick and enfeebled condition for some three years, and that during that time he had been cared for by said Edward G. Isgrigg and other kind friends, and that he paid to said lodge fifty cents for the new certificate as required by the by-laws, and that he stated in said writing that he was unable to surrender said policy for the reason that his wife, Ida M., had taken possession thereof, without his consent, some three years prior to that date and refused to surrender the same, and claimed and stated to him that the same was lost; that said written statement presented to said subordinate lodge was made out in triplicates, one was delivered to said subordinate lodge, in open session as afore-

Isgrigg, Executor, *v.* Schooley *et al.*

said, and one of the copies was mailed, postage prepaid, to the supreme lodge. The paragraphs further allege that the officers of said subordinate lodge and said Ida M. conspired together to prevent a change in the beneficiary named in said certificate, and the officers whose duty it was to do so neglected and refused to certify said application for the change and transmit the sum of fifty cents so paid for the making of the change to the supreme lodge as it was their duty to do.

It is the general rule that a member of a benefit society, holding a certificate of insurance, and desiring to change the beneficiary named therein, must make an application and procure the change in accordance with the by-laws of the society providing the manner in which such change may be made.

In the case of *Holland* v. *Taylor*, 111 Ind. 121, it is held that a person who becomes a member of a mutual benefit association is bound to take notice of the by-laws, and that the by-laws become a part of the contract, the same as if written in the certificate, and that the beneficiary named in such certificate, providing for a change of the beneficiary, does not, during the life of the member, have an indefeasible right in the contract or fund, but such beneficiary has an interest which can only be defeated by a change effected in the manner provided by the by-laws, and such is the universal doctrine held by this court and courts in general. But there are exceptions to this general doctrine. Equity will aid imperfect changes of beneficiaries, and it considers that done which ought to have been done, and never requires impossibilities.

The facts as pleaded in each paragraph of the cross-complaint show that by the terms of the certificate and the by-laws of the association the member had the right to change the beneficiary named in the certificate, by making application to the local lodge of which he was a member, and sur-

rendering the certificate and paying fifty cents for issuing a new certificate. This was all that was required on behalf of the member to make the change. It also appears that at the time the certificate was issued the beneficiary named was his wife, then living with him; that soon after he became in ill health, having consumption, and so remained until his death; that some three years before his death his wife, the beneficiary named in the certificate, abandoned him and left him to be cared for by other relatives and friends; that she had obtained possession of the certificate without his consent, and refused to surrender it, and informed him that it was lost. Under this state of facts the member appeared at a meeting of his lodge when it was in open session, and made a written demand that the beneficiary named in his certificate be changed, requesting that a new certificate be issued, in which Edward G. Isgrigg, his uncle, who had been providing for him, and would continue to do so, be named as beneficiary, and paid to the lodge fifty cents, required to be paid for the issuing of a new certificate, also setting out his reasons for the change, and that his wife had taken possession of the certificate and refused to surrender it, and claimed to him that it was lost. He also forwarded a copy of the written demand, and reasons for the change, and a statement in regard to the disposition of the certificate to the officers of the supreme lodge. This the said Wm. H. Schooley did some six days before he died.

The benefit society, the Supreme Lodge, Knights of Honor, has paid the money into court; it makes no question as to its liability to pay the money due on the certificate, and the question presented is as to rights of Ida M. Schooley, the beneficiary named in the original certificate, and Edward G. Isgrigg, the person named in the application of the member, Wm. H. Schooley, in his application and demand for a change of beneficiaries.

When the certificate was issued there was vested in William H. Schooley, the member whose life was insured, by

the by-laws, a right to change the beneficiary named in the certificate. The beneficiary named took it subject to the member's right to change and designate some other person in her stead; but according to the facts alleged in the cross-complaint she took possession of the certificate and sought to prevent any change being made by withholding the certificate and alleging that it was lost, and preventing her husband, the assured, from surrendering the certificate and designating another beneficiary; and, under these circumstances, the assured did all that he could do toward asserting his right to make a change; he did all that was required by the by-laws of the association except to surrender the certificate, which he was prevented from doing by the beneficiary originally named, who now claims she is entitled to the fund because she withheld from the assured the certificate which the by-laws contemplated was to be held by him and surrendered if he desired to change the beneficiary. She prevented a formal surrender of the policy, and now claims she is entitled to the fund, because she placed it beyond his power to comply with the technical terms of the by-laws in the surrender of the policy. The assured had the right to make the change; he did all that was within his power to do in compliance with the by-laws governing such change; the appellee, the beneficiary named in the original certificate, prevented him from a formal compliance in the delivery of the certificate, and equity will regard that as done, since he had the right to its possession, and the right to have delivered it, but could not do so by reason of the acts of the appellee, and equity requires no impossibilities. The case of *Grand Lodge A. O. U. W.* v. *Child*, decided by the Supreme Court of Michigan, 70 Mich. 163, is very similar to the case at bar. In that case the member had lost his certificate, and he made application to have the beneficiary changed, the by-laws requiring, in case of a change, that the old certificate be surrendered. The court, in the decision of the case, says:

"It is claimed by counsel that the law must give it to

Mrs. O'Connor, because such was the contract when made; and that Mr. Child, by the loss of the certificate, had placed it out of his power, under the rules of the order, to make a change in the beneficiary legally, and that in such case 'equity follows the law.' All contracts are presumably made in view of the law governing their construction, and the rules of evidence applicable when the contract is sought to be established and applied. The law never requires impossibilities, and the rule of the order which required the certificate to be surrendered when a change of the beneficiary was made, that it might be endorsed upon the certificate, could only be construed as requiring that to be done when the certificate was in existence. The existence of the right to share in the benefits of the order, and to direct who should receive the fund in case of the death of a member, was a right vested in the member as soon as he became entitled thereto, and the certificate was only evidence of the existence of that right; and, when that evidence was lost, the right remained, and its existence could be established by any other competent evidence; and the same is true of the existence of the change, directed by the member, of the beneficiary. Mr. Child did all he could do in making the change, and it should have been allowed and done by the order.

Equity will consider that done which ought to have been done.

" For the purpose of determining the rights between these defendants, the proceeding is governed by equitable principles. The fund is held in trust by the order for the person to whom it belongs; and it is true in this, as in every other case, equity follows the law, so far as the law goes in securing the rights of the parties, and no further; and, when the law stops short of securing this object, equity continues the remedy until complete justice is done. In other words, equity is the perfection of the law, and is always open to those who have just rights to enforce where the law is inadequate. Any other conclusion would show our system of jurisprudence

not only a failure, but a delusion and a snare. Justice alone can be considered in a court of chancery, and technicalities never be tolerated except to obtain and not to destroy it." See, also, Bacon Ben. Soc. and Life Ins., section 310.

What we have quoted is decisive of the question in this case. The right of the assured to make a change in the bneficiary existed as soon as the certificate was issued; by the conditions in the by-laws a mode of making such change was prescribed, which it was the duty of the member to follow while it was within his power to do so, but whenever a state of circumstances existed which deprived him of the power of formally complying with them, then he was relieved of a literal compliance with the rules governing the change, but was not divested of the right to make a change. The by-laws having provided a mode of making a change, while it was within his power to comply with the by-laws he could not make the change in some other way. The by-law providing that the change should be made by application to the order, he could not omit to make an application to the order and make the change by will. And so it has been held by this court. *Holland* v. *Taylor, supra.* But having done all that he could toward complying with the by-laws in making the change, and having been prevented from a formal compliance by the appellee, she can not now set up her own wrongful act to prevent a recovery for the benefit of the new beneficiary.

The facts stated in each paragraph of the cross-complaint show such a compliance with the by-laws in changing the beneficiary as entitles the new beneficiary, Edward G. Isgrigg, to recover the funds.

Some formal objection is made to these paragraphs for the reason that no copy of the certificate is filed with them, but they refer to a copy set out with appellee's complaint, and this objection is not tenable. *Wadkins* v. *Hill,*106 Ind. 543.

It follows from the conclusion we have reached that the

court erred in sustaining the demurrer to the first and second paragraphs of appellant's cross-complaint.

Judgment reversed, at costs of appellee, with instructions to proceed in accordance with this opinion.

Filed Sept. 18, 1890.