JOHN HANCOCK MUTUAL LIFE INSURANCE CO., *vs.* MARY A. BEDFORD *et al.*

JANUARY 2, 1914.

Present: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Insurance.  Change of Beneficiary.  Interpleader.  Waiver.*

An insurance policy payable in case of death to wife of insured or to such other person as insured might thereafter designate, contained the provision that insured might change the beneficiary from time to time on filing with the company notice thereof in such form as the company might require, but no change of beneficiary, "is binding on the company unless filed at the home office and endorsed on the policy by the president or secretary."

The policy was originally given into the keeping of wife of insured.   In order to make a change of beneficiary insured applied to his wife for the policy and upon her refusal to surrender same he filed with the company a paper nominating a new beneficiary.   On interpleader:—

*Held*, that the wife had no vested interest in the policy which would prevent insured from changing the beneficiary, provided he sufficiently complied with its requirements in effecting such change.

*Held*, further, that under the facts as the wife had no right to the policy she could not validate her right to the fund by its unlawful retention, thus preventing insured from obtaining the endorsement of the company thereon.

*Held*, further, that failing to get possession of the policy insured took all the other steps required to effect the change and any objection by the company was waived by the filing of the bill of interpleader.

*Held*, further, that the payment of premiums on the policy by the wife was immaterial.

*Held*, further, that a change of beneficiary was properly effected.

INTERPLEADER.   Heard on appeal from decree of Superior Court and decree affirmed.

VINCENT, J.   This is an appeal from a decree of the Superior Court upon a bill of interpleader filed by the complainant for the purpose of determining to whom should be paid the proceeds of a certain policy of insurance, upon the life of George W. L. Bedford.   It appears from the evidence, that the John Hancock Mutual Life Insurance Company issued a policy upon the life of the said George W. L. Bedford in the sum of $1,000.   According to the terms of the policy, it was made payable in case of death to the wife, Lottie A. Bedford, or to such other person or persons, as the said insured might thereafter designate.   It was also provided in and by said policy that the insured might change the beneficiary from time to time on filing with the company a notice thereof in such form as the company might require. The policy also contained a further provision as follows: "No change of beneficiary is binding on the company unless filed at the home office and endorsed on the policy by the president or secretary."   The policy was issued October 25, 1909, and on or about October 11, 1912, the insured filed with the company the following nomination for change of beneficiary.   "I, being the insured under the policy hereinbefore mentioned, in the exercise of the privilege

reserved to me therein, do hereby nominate my mother, Mary A. Bedford, and my sister, Georgeina B. Pegg, in equal shares, and the survivor of them to be the beneficiaries of said policy, still reserving to myself the privilege of making other changes, subject to all the privileges of said policy, and subject also to any existing pledge and assignment thereof.

"This nomination shall cancel and supersede any nomination of a beneficiary heretofore made under this policy.

"I hereby declare that no proceedings in bankruptcy or insolvency are pending against me.

"Dated at Providence, this 11th day of October, A. D. 1912."

It further appeared from the evidence that the said George W. L. Bedford having procured the aforesaid policy gave it into the keeping of his wife, Lottie A. Bedford, who was then the beneficiary named therein. At a later period, induced by the care and attentions which he had received from his mother and sister during his illness, the insured desired to change the beneficiary under the policy and substitute for his wife his mother and sister. In order to effect this change and get the proper endorsement of the company thereon he applied to his wife, Lottie A. Bedford, for the policy which she declined to surrender to him. Upon his failure to obtain the policy he filed with the complainant company the paper already referred to nominating his mother and sister as beneficiaries.

George W. L. Bedford, the insured, died November 10, 1912. The respondents, Mary A. Bedford and Georgeina B. Pegg, filed proofs of death with the company and claimed the proceeds of the policy, and later the said Lottie A. Bedford also made claim to the same.

Under these conditions the complainant filed a bill praying that said respondents be compelled to interplead in establishment of their respective rights to said fund. Thereafterwards said complainant paid the sum of $1,000, less its costs and expenses, and the sum of $962.18 is now held in the registry of the Superior Court.

The said respondents having filed their answers to said bill of complaint, a hearing was had in the Superior Court upon the following agreed issues of fact:

"ONE.  Did said respondent, Lottie A. Bedford, wrongfully take possession of said policy?

"TWO.  Did said George W. L. Bedford ever demand that said Lottie A. Bedford return said policy to him?

"THREE.  Did said George W. L. Bedford make an application for a change in the beneficiary of said policy?

"FOUR.  If said George W. L. Bedford has requested a change in beneficiary of said policy as alleged in the second paragraph of said bill of complaint, did he do so through the undue influence exerted on or over him by said respondents, Mary A. Bedford and Georgeina B. Pegg?

"FIVE.  Was said George W. L. Bedford competent to act with a view to the change of the beneficiary under said policy?

"SIX.  Was the beneficiary changed in accordance with the contract of insurance otherwise known as the policy?

"SEVEN.  Did said respondent, Lottie A. Bedford, pay all of the premiums due on said policy as they fell due?

"EIGHT.  Was and is the possession of said policy by said respondent, Lottie A. Bedford, coupled with a vested interest in said policy and the amount due thereunder?

"NINE.  Does the amount due under said policy belong to said respondent, Lottie A. Bedford, or to the said respondents, Mary A. Bedford and Georgeina B. Pegg?"

The Superior Court found that, as between the parties respondent, the amount due under said policy belonged to the respondents, Mary A. Bedford and Georgeina B. Pegg, and a decree was entered to that effect and directing the clerk of that court to pay the said sum of $962.18 to the solicitor for the said respondents, Mary A. Bedford and Georgeina B. Pegg.

From this decree the said Lottie A. Bedford took an appeal, stating as the reasons thereof the following:

"FIRST.   That said court erred in its findings on the second, third, fourth, fifth, sixth, seventh, eighth and ninth issues of fact.

"SECOND.   That the court erred in finding that said respondent, Lottie A. Bedford, did not pay said premiums out of money earned by herself.

"THIRD.   That the court erred in finding that, as between the parties respondent, the amount due under said policy belongs to the respondents, Mary A. Bedford and Georgeina B. Pegg.

"FOURTH.   That the court erred in finding that the beneficiary was changed without endorsement upon the policy.

"FIFTH.   That said final decree is contrary to the agreed statement of facts, the evidence and the weight thereof.

"SIXTH.   That said final decree is contrary to law."

The respondent, Lottie A. Bedford, claims that the attempt of the insured to substitute the mother and sister as beneficiaries was ineffective for the reason that the regulation of the company requiring that a change of beneficiary should be endorsed on the policy by the president or secretary in order to be binding, was not complied with, and that she and not the mother and sister is, therefore, entitled to the proceeds of the policy.

(1)    We cannot agree with this contention.   We think that the finding of the Superior Court that Mary A. Bedford and Georgeina B. Pegg were entitled to the fund in equal shares is correct.   We do not think that the respondent, Lottie A. Bedford, had any vested interest in this policy which would prevent the insured from changing the beneficiary whenever he desired so to do, provided, of course, that he sufficiently complied with the terms of the policy in effecting such change.   *Isgrigg, Executor* v. *Schooley, et al.,* 125 Ind. 94; *Jory* v. *Supreme Council, &c.,* 105 Cal. 20; *Masonic Mut. Ben. Soc.* v. *Burkhart,* 10 N. E. 79; *Delaney* v. *Delaney,* 175 Ill: 187; *Robinson* v. *U. S. Mut. Acc. Ass'n.* 68 Fed. Rep. 825.

The insured, George W. L. Bedford, had the right at any time to resume possession of the policy.   The placing of the policy in the possession of his wife was presumably for the purpose of safe keeping, and did not in any way relinquish or abridge his right  to its possession whenever he might ·demand it.   The respondent, Lottie A. Bedford, had no right to the possession of said policy as against the demand of the insured.   She could not validate her right to this fund by the unlawful retention of the policy, thus preventing the insured from obtaining thereon the endorsement of the company for which the policy provided.   *Jory* v. *Supreme ·Council, &c.*, 105 Cal. 20; *Isgrigg, Executor* v. *Schooley, et al.*, 125 Ind. 94.

Failing to get possession of the policy and obtain the endorsement of the company thereon, showing a change of beneficiary, the insured took all the other steps which he was required to take to effect such change.   There does not appear to have been any objection on the part of the company as to the change of beneficiary desired by the insured, and if there had been such an objection, it would have been waived by the complainant on filing its bill of interpleader designed to determine whether the fund should be paid to Lottie A. Bedford or to the mother and sister of the insured. *John Hancock Mutual Life Insurance Company* v. *White*, 20 R. I. 457.

Taking into consideration the attitude of Lottie A. Bedford in unlawfully refusing to deliver up the policy to the insured when requested, the fact that the insured had done all that he could do to effect the change of beneficiary and that the complainant has disregarded or waived the provision of the policy requiring endorsement of any change of beneficiary, which at most could serve no apparent purpose except the convenience of the company, we think that a change of beneficiary was effected and that the respondents, Mary A. Bedford and Georgeina B. Pegg, are entitled to the fund of $962.18 in equal shares.   *Marsh* v. *Supreme Council.*

&c., 21 N. E. 1070; *Isgrigg, Executor* v. *Schooley, et al.* 125 Ind. 94; *Jory* v. *Supreme Council, &c.,* 105 Cal. 20.

The respondent, Lottie A. Bedford, claims to have paid some premiums on the policy, but we do not think that the fact that such payments were made by her is of any materiality in the determination of her right to the fund.

The decree of the Superior Court is affirmed, and the case is remanded to that court for further proceedings.

*Doran & Flanagan,* for complainant.

*Joseph H. Coen,* for respondents, Mary A. Bedford, Georgeina B. Pegg.

*Leonard W. Horton, W. Louis Frost,* for respondent, Lottie A. Bedford.