ELIZABETH A. O'DONNELL,

*vs.*

METROPOLITAN LIFE INSURANCE COMPANY, GEORGE H. McGOVERN, Administrator of Mary C. McGovern, deceased, and GEORGE H. McGOVERN, Administrator of Isaac J. Gilkey, deceased.

*New Castle, July* 6, 1915.

Where an insurance company was served with process in a suit brought against it for the amount due under a policy, and paid such amount to another claimant, the company cannot have the bill dismissed on the ground of payment, and leave complainant to bring a supplemental bill against the person receiving the payment or the policy.

The failure of an insured to surrender a policy at the time of requesting a change of beneficiary, as required by the insurance contract, does not prevent the new beneficiary from recovering, as equitable assignee, money which has been paid to the administrator of the first beneficiary, where the company has nevertheless obtained possession of the policy.

If the right to change the beneficiary is not given by the policy or by statute, the beneficiary named takes a vested interest in the policy.

Where a life insurance policy provides that the beneficiary may be changed by written notice to the company at its home office, accompanied by the policy, to take effect on the indorsement of the same on the policy by the company, no change of beneficiary can be made effective until such conditions have been complied with; the approval of the change being not merely a formal ministerial act.

Where the administrator of the beneficiary under a life insurance policy has prevented the insured from changing the beneficiary, and has received the amount due under the policy which would otherwise have been given to the beneficiary last named, such beneficiary has a cause of action against the administrator, since the latter cannot take advantage of his own wrong.

BILL TO ENFORCE AN EQUITABLE ASSIGNMENT to the complainant of two insurance policies on the life of Isaac J. Gilkey, deceased. The facts are stated in the opinion of the Chancellor.

*Henry R. Isaacs*, for the complainant.

*John R. Nicholson*, for the defendants George H. McGovern, Administrator of Mary C. Gilkey, deceased, and George H. McGovern, Administrator of Isaac J. Gilkey, deceased.

*Andrew C. Gray*, for the defendant Metropolitan Life Insurance Company.

THE CHANCELLOR. The object of the bill is to enforce an equitable assignment of two policies of insurance on the life of Isaac J. Gilkey, deceased, one issued by the Metropolitan Life Insurance Company for $96 and the other by the Economic Insurance Company of America for $225. After the issuance of the latter policy, the Metropolitan Life Insurance Company assumed the obligations arising thereunder. There was no question as to the liability to pay the losses on the death of the insured, and the only question was as to the person entitled to receive payment thereof. Mary C. Gilkey, the daughter of the insured, was named as beneficiary in both policies when they were issued. She afterward married George H. McGovern and died December 21, 1911, in the life of the insured, who died March 20, 1912. George H. McGovern became administrator of the insured, Isaac J. Gilkey, and also of the beneficiary, Mary C. Gilkey McGovern. Prior to about January 1, 1912, the insured had lived in the family of McGovern, and about that date left there and lived with the complainant, Elizabeth A. O'Donnell, his niece, until about February 7, 1912, when he went to a hospital in Philadelphia for treatment, and died there March 20, 1912.

On February 6, 1912, Gilkey, the insured, made written application on forms supplied by the company to change the beneficiary of both policies so that they be payable to the complainant, and not then having in his possession the policies, also made application on the proper printed forms to have new policies issued, declaring that the policies were lost, and paid the agent the cost fixed by the company for such duplicates. These applications were received at the local office of the company to be forwarded to the home office of the company; but this was not done, because very shortly after they were delivered

at the local office, the originals were presented to the local office by McGovern, and as the original policies were not lost, no duplicates were issued. No change in the beneficiary was actually effected in accordance with the terms of the policies and the rules of the company.

The Economic policy gave no privilege, or right, to change the beneficiary. By the policy of the Metropolitan Company the insured could, with the approval of the company, change the beneficiary by notice to the home office accompanied by the policy, "the change to take effect on the indorsement of the same on the policy by the company." Demand on the company for payment was made both by the complainant and by McGovern as administrator of his wife, the beneficiary. The bill alleged that the company while not denying liability to pay was uncertain as to who was entitled to receive payment and refused to pay either claimant, and alleged that the policies were in the possession of McGovern, while the premium receipt book was in the possession of the complainant.

The prayers were that the company be adjudged to hold the moneys due on the policies as trustee for the complainant; that McGovern be directed to deliver the policies to the complainant; and that the company be directed to pay to the complainant the moneys due on the policies on presentation of the policies and premium receipt book. The defendants were the Metropolitan Life Insurance Company, and George H. McGovern as administrator of the beneficiary and as administrator of the insured.

By its answer the company avers that there had been no actual transfer of the policies to the complainant, which was not claimed. But it says that notwithstanding the conflicting demands the entire amount due on the policies had been paid to George H. McGovern "about the time of the institution of this cause," and refers to the two following provisions of the policies. In the Metropolitan policy was the following:

"The company may pay the amount due under this policy to the beneficiary named below or to the executor or administrator, husband or wife or near relative by blood of the insured, or to any other person appear-

ing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of them shall be conclusive evidence that all claims under this policy have been satisfied."

The Economic policy contained this:

"2. The production by the company of this policy and of a receipt for the amount of benefit, signed by any person furnishing proof satisfactory to the company that he or she is the beneficiary or an executor or administrator, husband or wife or relative by blood or connection by marriage of the insured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied."

It also relied on a provision in the policy of the Economic Company limiting suits on the policy to six months after the accrual of the cause of action.

In his answer as administrator of the insured, and also of the beneficiary, McGovern claimed that the premiums were paid by the beneficiary in her lifetime, and after her death by the complainant, but by the latter from moneys of the insured. Also that from about January 1, 1912, McGovern as administrator of the beneficiary tendered payment of the premiums to the company, and it refused to accept it; that the policies were not lost and Gilkey, the insured, knew they were not lost and knew that they were rightfully in the possession of the administrator of the beneficiary; that he, as such administrator, received payment of the sums due on the two policies.

From the evidence adduced it was made reasonably clear that the premiums were paid by the insured from his own money until he went to the hospital about six weeks before his death, and thereafter by the complainant from her own moneys. There is much testimony on the subject, but there is no satisfactory evidence to controvert the statement to the above effect by the agent of the company who collected the premuims on the policies. It is also clear that the amounts due on the policies were paid to the administrator of the beneficiary. In its answer the company says the money was paid to McGovern,

but in his answer, and by his testimony, McGovern says he received it as administrator of the beneficiary. He also testified that he received it on March 28, 1913, which was nine days after the bill had been filed, and two days after the insurance company had been served with the subpoena in the suit. The company did not produce the receipt for the sums so paid, and in the absence of it the evidence as to the payee and the time of payment is established as above. Therefore, the important point is established, that after being served with process in the suit of one of the claimants to recover the amounts due on the policies, the company paid the other claimant.

It is seriously urged by counsel for McGovern that this payment made after service of process in the suit brought against the insurance company deprives this court of power to adjudicate the rights of the parties, unless there be a supplemental bill. In other words, a defendant, after having been served with process in a suit to recover money from him, may pay the money to a third person, and then ask that the bill be dismissed, leaving the complainant the right to bring a supplemental bill against the third person, who in turn could pass the money on to a fourth person, and so keep the complainant on the chase. There is no such principle of law or equity. In this case the insurance company, after full notice of all the claims made for the moneys due on the policies, paid it to one of the claimants after being sued by another of those here claiming the money, and does not even take the trouble to say in its answer to whom it paid it, or when, or produce the proper evidence of the payment. Payment is, therefore, not established as a defense here by either of the defendants. Neither is there any need of a supplemental bill, as was suggested by the solicitor for the administrator of the beneficiary.

There was no allegation of fraud, or undue influence practiced on the insured, or lack of mental capacity on his part. The evidence of the agent of the company showed a clear intention on the part of the insured to make the complainant the beneficiary in the place of the one named in the policy. That Gilkey was mentally competent to do so, both the agent of the company and the physician who attended him testify, and

there is little evidence to the contrary. Neither is there satis-
factory evidence of a change of mind on the part of Gilkey that
the complainant should be beneficiary.

The basis of the claim of the complainant is an equitable
assignment, not a legal one, or one made in accordance with the
terms of the policy, or the rules of the company. It is urged
as a defense by all the defendants, that the policies were not in
fact lost. In order to transfer the policy to the complainant,
Gilkey did all that he was required to do, except deliver the
policies to the company. Why he did not so deliver the poli-
cies does not clearly appear. About January 1, 1912, he left
the McGovern household and went to live with the complain-
ant, and left behind him at the McGovern house the policies.
In December previous he knew they were there, for he had
examined them there in looking for other policies which were
in the same drawer. On February 6, 1912, when he sought to
change the beneficiary, he declared in writing that they were
lost and applied to the company for new ones because the
Metropilotan Company required a production of policies in
order to obtain a transfer thereof. He had either forgotten
where the policies were, and believed that he had lost them,
or else knew of the hostile claim made to them by George H.
McGovern as administrator of the beneficiary, Mary C. Gilkey
McGovern. McGovern on the record, claimed rightful posses-
sion of the policies and of the proceeds of them, and even dur-
ing the life of Gilkey, and for a month before the attempt was
made by Gilkey to change the beneficiary, frequently offered
to the company payment of the premiums. The only purpose
of offering to pay the premiums was to establish a legal right
to the proceeds of the policy when Gilkey should die. The
statement by McGovern in his testimony, that he would have
surrendered to Gilkey possession of the policies if requested,
and that he would have made no claims thereunder, is not con-
sistent with the allegations of his answer and his other testi-
mony. There is good ground for the contention of the com-
plainant that the policies were in effect lost to Gilkey, and in
legal effect they were as much lost to Gilkey as though they had
been destroyed.

But it is not important in this case whether they were in fact lost, or not. The attempted change of beneficiary is the important thing. If Gilkey had a right to change the beneficiary, then when he made a written declaration of his intention to do so he did all he could do to effect an assignment, except deliver to the company the policy. Possession of the policy by the company at the time of transfer was required by it evidently for its protection, so that it would not be made liable to pay a loss more than once. When the company paid the amounts due on the policies they were in its possession. Therefore the company could not, in this suit, rightly give as a reason for not recognizing the assignment that it did not have possession of the policies at the time when the effort to transfer them to the complainant was made by the insured. Having in its possession the policies, the evidence of the attempt by the insured to transfer to the complainant the benefit of the policies, and the claim of the administrator of the beneficiary, the company chose to pay to the administrator of the beneficiary and not to the new beneficiary named by the insured. The failure to surrender the policy at the time the attempt was made by the insured to transfer the policy to the complainant is, therefore, unimportant and immaterial in this suit, and does not of itself prevent the complainant from recovering as equitable assignee the money which the company paid to the administrator of the beneficiary with notice of the claim of the assignee of the insured.

The important questions to be considered are: (1) Whether the assured had a right to change the beneficiary in the two policies after the death of the beneficiary named therein; and (2) whether the change was effectually made.

Both policies are life insurance policies, and not mutual benefit certificates or fraternal insurance, if this be important. In the policy of the Economic Company the insured was not given power to change the beneficiary, but the policy of the Metropolitan Company, permitted it subject to certain requirements. It is settled law that if the right to change the beneficiary be not given by the policy or by statute, then the beneficiary took a vested interest in the policy. *Cooley on Insurance,*

*p.* 3755, and cases cited; 25 *Cyc.* 889, 785. The fact that an insurance company may pay the benefit to some one else than the beneficiary named in the policy does not prove that the insured may change the beneficiary. Inasmuch as there was no right of change given in the Economic policy, the complainant is not entitled to the money due on the policy issued by that company, and the fact that the insured made an ineffectual attempt to do something he had no right to do, viz., change the beneficiary in her favor, does not help her cause.

Is it material, so far as the rights of the complainant are concerned, that the company did not produce a receipt showing to whom payment was made by it in settlement of its admitted liability under the policy? It would seem not to be material. It was shown that the money was paid to McGovern, who was administrator of the insured, administrator of the beneficiary, and, also having married the daughter of the insured, was a connection by marriage of the insured. By the policy payment to him in either capacity was a valid discharge of the liability. So far as concerns the rights of the complainant under the Economic policy, it is immaterial in which capacity McGovern received the money.

It is unnecessary to consider the question of limitations in the policy of the right to sue on it after six months from the accrual of the cause of action.

Therefore the complainant is not entitled to any relief in this court, based on any right claimed under the policy issued by the Economic Insurance Company. The complainant might have been entitled to reimbursement for premiums paid by her, but no proper proof was made of the amount thereof.

The policy of the Metropolitan Company contained this provision:

"Subject to the approval of the company, the insured may at any time during the continuance of this policy, provided the policy is not then assigned, change the beneficiary or beneficiaries by written notice to the company at its home office, accompanied by this policy, such change to take effect on the indorsement of the same on the policy by the company."

Because of this provision the beneficiary did not take a vested interest in the policy, and her right was only an expectancy, in that she would take the benefit unless some other person was properly designated to receive payment of the amount due under the policy, or unless the company chose to pay some one of the classes of persons named in the policy. The approval of the company of the change in favor of the complainant was not given, nor was written notice of the desired change given to the company at its home office, but to the local, or branch office in Wilmington; nor was the notice accompanied by the policy; and the desired change was not indorsed on the policy.

For the complainant it is urged that the insured did all that he could do to perfect a change, which he had a right to make, and, therefore, that there was an equitable transfer which the Court of Chancery would enforce, and that the failure to comply with the requirements of the company resulted from the act of the defendant McGovern, who to the knowledge of Gilkey claimed a right to the possession of the policies as administrator of the beneficiary and asserted a right to pay the premiums thereon at the same time that Gilkey was paying them. If McGovern prevented, or hindered, Gilkey from presenting the policies to the company in order that its approval of the transfer might be indorsed on them, then McGovern cannot now take advantage of his own wrong and set up the omission of the transfer regulations as a reason why the complainant should not receive payment of that which she would otherwise have been clearly entitled to as an approved beneficiary by the wish of the insured. As McGovern claimed a right in the policy as administrator of the beneficiary and says he received as such administrator payment of the amount due on it, he is certainly liable to the complainant as the equitable beneficiary under the policy.

It seems very clear, then, that as the provisions for a change of beneficiary were not complied with, the company is not liable to the complainant, for it is clear that so far as the company was concerned no change of the beneficiary took place until and unless the change was indorsed on the policy.

O'Donnell vs. Metropolitan Life Ins. Co., et al. 13

Opinion.

For authority on this point reference is made to a carefully considered decision. *Freund v. Freund*, 218 *Ill.* 189, 75 *N. E.* 925, 109 *Am. St. Rep.* 283, where provisions similar to those in the policy of the Metropolitan Company were considered. It was there held that a change of beneficiary was not effected until the conditions stated in the policy were complied with, and that the principle that where the insured has done all he could to effect a change of beneficiary, but dies before the change is formally made by the company, a court of equity will regard the change as effected, does not apply to a change of beneficiary in a life insurance policy, where the policy requires the endorsement by the company on the policy of its consent to the change. It was held that the approval of the change was not a mere formal, ministerial act, not requiring the exercise of discretion. However, in Illinois there was a statute which authorized a transfer with such consent, and much significance was attached to the statute. While there is no statute here affecting the question raised in this case, the policy of the Metropolitan Company contains the same provisions. So far as the company is concerned, then, the view of the Illinois court is adopted, being in accord with the law established by other cases. Therefore, there is no relief which the complainant can have against the Metropolitan Company.

But the defendant McGovern cannot take advantage of his own wrong. Having put obstacles to the making of the transfer to the complainant, and having received from the insurance company the amount due on the policy, which would otherwise have gone to the complainant as an approved beneficiary, he must pay over to the complainant the money so received by him as administrator of Mary C. Gilkey McGovern, for it would be inequitable for him to retain what he has obtained inequitably. In *Freund v. Freund*, 218 *Ill.* 189, 75 *N. E.* 925, 109 *Am. St. Rep.* 283, cited above, this principle was recognized, though not applicable there. For the complainant the following cases were cited to support this contention: *Supreme Conclave v. Capella*, 41 *Fed.* 1; *Grand Lodge v. Child*, 70 *Mich.* 163, 38 *N. W.* 1; *A. O. U. W. v. Kohler*, 106 *Mich.* 121, 63 *N. W.* 897; *Isgrigg v. Schooley*, 125 *Ind.* 94, 25 *N. E.* 151; *Cade*

*v. Headcamp*, 27 *Wash.* 218, 67 *Pac.* 603; *Nally v. Nally*, 74 *Ga.* 669, 58 *Am. Rep.* 458; *Jory v. Supreme Council*, 105 *Cal.* 20, 38 *Pac.* 524, 26 *L. R. A.* 733, 45 *Am. St. Rep.* 17. Indeed, the general principle is not denied by the solicitor for the defendant McGovern, though its application to this case was not conceded.

Even assuming that the granting of the consent of the company is not a mere ministerial act, as to which no opinion is expressed, and that even an equitable change of beneficiary was not accomplished until such approval had been actually given, still this does not debar the complainant as against McGovern, whose actions tended to frustrate her in obtaining such consent, and whose actions bound the estate of the beneficiary named in the policy.

Therefore, the conclusions are that the complainant is not entitled to payment from either of the defendants of the amount due on the policy of the Economic Company, because the insured had not power or right under it to name her as the beneficiary in place of the beneficiary named in the policy, and his effort to do something he had no right to do gave her no rights under the policy, even though those efforts were hindered by the defendant McGovern. But the insured could rightly change the beneficiary in the policy of the Metropolitan Company, and as his efforts to do so were frustrated by the conduct and claims of McGovern, then McGovern cannot retain the fruits of his wrongdoing, but must pay them to the complainant, and the complainant is entitled to a decree requiring McGovern, administrator of Mary C. Gilkey McGovern to pay to the complainant the amount received by him under the policy of the Metropolitan Company. The prayers of the bill do not specifically cover such a decree, but under the general prayer for relief it could rightly be made. It does not appear just what sum was paid by the Metropolitan Company to McGovern, but it does appear that he received the moneys due under the policies, which was the sum of $96, the insured having died more than a year after the date of the policy, and this is the sum which the decree will require to be paid to the complainant.

The defendant McGovern, administrator of Mary C. Gilkey McGovern, will be required to pay all the costs.

NOTE. On appeal the decree of the Chancellor was sustained, except as to costs, which were ordered paid equally between the administrator of Mary C. McGovern, deceased, and Metropolitan Life Insurance Company. See *post p.* 404.