### JACKSON *v.* LEONARD.

GILBERT, J. An insurance company issued a policy on the life of a girl eighteen years of age, making her mother the beneficiary. One of the provisions of the policy was as follows: "With the consent of the company, the insured, if twenty-one years of age, may from time to time change the beneficiary by request to the home office upon the company's prescribed form accompanied by the policy, such change to take effect only upon endorsement hereon by the company." Subsequently the girl was married, and requested the insurance company to make her husband the beneficiary, instead of her mother, stating that the policy was lost. The insurance company issued a duplicate policy under which the husband was designated as the beneficiary. The insured died before reaching the age of twenty-one years. Both the husband and the mother furnished proofs of death to the company. Upon failure of the insurance company to pay the mother, who had retained the original policy, she brought suit claiming to be the beneficiary. The insurance company filed a petition praying that the mother and the husband be required to interplead as to their right to the proceeds of the policy. The case, involving purely a · question of law, was submitted to the judge without the intervention of a jury. A judgment was rendered in favor of the husband as the beneficiary, and the mother excepted. *Held:* The policy provided for a change in beneficiary, conditioned solely on terms required by the company. The company could waive any or all of such conditions. By the issuance of a new policy the company waived all restrictions and conditions, and the new policy naming the husband as beneficiary is legal and binding. *Farmers State Bank* v. *Kelley*, 155 *Ga.* 733, 737 (118 S. E. 197), and cit.

*Judgment affirmed. All the Justices concur.*

No. 7289. OCTOBER 18, 1929.

*Paul Donehoo,* for plaintiff in error.

*T. C. Battle* and *J. Wightman Bowden,* contra.