NEW YORK LIFE INSURANCE COMPANY,
a corporation of the State
of New York,

*vs.*

MATTIE M. CANNON, ALINE C. CULVER, Administratrix
*c. t. a.* of the estate of William H. Cannon, deceased,
and The Del-Mar-Va Mortgage Company, a corpora-
tion of the State of Delaware.

*Sussex, September 24, 1937.*

*Clarence A. Southerland* and *Paul Leahy,* of the firm of Ward & Gray, for complainant.

*Howard W. Bramhall,* for defendant Aline C. Culver, administratrix *c. t. a.* of William H. Cannon, deceased.

*James M. Tunnell* and *James M. Tunnell, Jr.,* of the firm of Tunnell & Tunnell, for defendant Del-Mar-Va Mortgage Company.

THE CHANCELLOR: The contest is between the administratrix of the insured and The Del-Mar-Va Mortgage Company. The latter's rights are derived through Mattie M. Cannon.

The question is—Did the insured, as against Mattie M. Cannon, effect a change of beneficiary under the policy?

That the change was not made in strict conformity with the terms of the policy is clear, for the application was not accompanied by the policy. If the suit were one at law by the insured's administratrix against the company, the latter would doubtless have the right to insist that no change of beneficiary had been made in accordance with the contract's terms and so there would be no liability to the administratrix. *O'Donnell v. Metropolitan Life Ins. Co.,* 11 *Del. Ch.* 4, 6, 12, 95 *A.* 289. A provision in a life insurance policy that a change of beneficiary must be evidenced by an application accompanied by the policy and by an endorsement on the policy, was said by the Chancellor in *O'Donnell v. Metropolitan Life Ins. Co., supra,* affirmed 11 *Del. Ch.* 404, 102 *A.* 163, to be for the protection of the company to the end that it would not be made liable to pay a loss more than once. There is no risk of a double liability in this case, however, for the fund is in court and all rival claimants are present. In that situation the object which the provision was intended to serve is in no danger of frustration. The bringing of the fund into court and the demand by the company that the rival claimants litigate their respective claims thereto, constitute a waiver by the company of a compliance by the insured with the provision as to surrender of the policy on a change of beneficiary. *McDonald v. McDonald,* 212 *Ala.* 137, 102 *So.* 38, 36 *A. L. R.* 761.

If there was an intent to transfer the benefits of the policy from the old to a new beneficiary and that intent was plainly manifested by acts as complete as the circumstances would admit of, I do not see that it is important in a court of equity, where the contest is solely between the old beneficiary and the new one, that the transfer was not evidenced in strict accordance with a provision of the policy

which was designed solely for the protection of the insuring company. Though the assignment may not be a good one at law, it may nevertheless be perfectly good in equity. It was so held by the Chancellor and affirmed by the Supreme Court in *O'Donnell v. Metropolitan Life Ins. Co.,* *supra,* which is in line with the numerous cases that deal with the general subject of equitable assignments.

The insured in this case did everything that he could to make the assignment complete. The only thing that prevented him from complying with the full exactions of the contract was the possession of the policy by his divorced wife, whereby he was unable to make delivery of it along with the application for a change of the beneficiary. It does not appear whether the divorced wife in holding the policy intended thereby to assert an attitude of opposition to the right of the insured to make the change in beneficiary. Whether her position was one of hostility to the insured's right of changing the beneficiary is not revealed by positive testimony. This is the only respect in which the case differs from *O'Donnell v. Metropolitan Life Ins. Co., supra.* There is room to say, however, that an attitude of hostility on the part of the divorced wife who has possession of the policy is inferable. Whether she refused on demand to surrender the policy does not affirmatively appear. But this is not necessary to be shown. The mere fact of possession by the divorced wife raises a fair inference that the policy would not have been surrendered if demanded. *McDonald v. McDonald, supra; Supreme Tent, K. M., v. Altmann,* 134 *Mo. App.* 363, 114 *S. W.* 1107. Thus an attitude of opposition arising from the circumstance of estrangement between the insured and the beneficiary, is shown by inference in this case; whereas in *O'Donnell v. Metropolitan Life Ins. Co., supra,* such attitude was shown rather by direct testimony. The character of the testimony by which a fact is shown, whether it be direct or circumstantial, is of no consequence, however, as affecting the le-

gal result. The case, therefore, appears to me to fall within the principle of *O'Donnell v. Metropolitan Life Ins. Co.,* *supra,* and is governed thereby.

A decree will be entered adjudging the sum due under the policy to belong to the administratrix c. t. a. of William H. Cannon.