JUDY BELL GILL

*v.*

THE PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, *etc., et al.*

(No. 10030)

Submitted April 13, 1948. Decided May 25, 1948.

466

*Ira P. Hager,* for plaintiff in error.

*W. E. Flannery* and *Edward I. Eiland,* for defendants in error.

HAYMOND, JUDGE:

In this proceeding, a notice of motion for judgment, instituted in the Circuit Court of Logan County, the plaintiff, Judy Bell Gill, seeks to recover $500.00 from the de-

fendant, The Provident Life and Accident Insurance Company. She claims this sum as the named beneficiary in a group policy of insurance issued by that company upon the life of William Gill, as an employee of Boone County Coal Corporation. Pursuant to the provisions of the statute, Code, 1931, 56-10-1, the insurance company filed its affidavit in which it stated that it made no claim to the money, that it did not wish to defend the action, and that it did not collude with any claimant. It paid the sum of $500.00 into court and prayed that the plaintiff, Judy Bell Gill, and Anna Rose, who also claimed the money as beneficiary under the policy, be required to appear and interplead each other in the action as to the claim of each to the fund. The court entered an order to that effect. The parties having waived a jury, the case was heard by the court in lieu of a jury and, by final judgment entered November 17, 1947, the court ordered the clerk to pay the insurance benefits in the amount of $500.00 to the defendant, Anna Rose, as the true beneficiary under the policy, and required her to pay the costs of the action. To that judgment a writ of error was granted by this Court upon the petition of the plaintiff.

The material facts, which were stipulated in writing by the parties, are not disputed.

William Gill was insured under a policy dated June 1, 1934, issued by the defendant, The Provident Life and Accident Insurance Company, to Boone County Coal Corporation upon its employees. He was an employee of that company at the time of his death on January 9, 1947, and had been given a certificate, effective September 1, 1935, as evidence of his insurance. The certificate, which had been delivered to and was in the possession of the plaintiff, Judy Bell Gill, named her as beneficiary.

The particular provisions in the policy and in the certificate, relating to change of beneficiary, are identical in substance. The provision dealing with that subject in the certificate is in these words:

"CHANGE OF BENEFICIARY—The Employee may, if of legal age, at any time and from time

to time during the continuance of his insurance, change any designated beneficiary by filing a written request at the Home Office of the Company, such change to take effect only when endorsed by the Company on this Certificate during the lifetime of the Employee."

On January 3, 1947, a few days before his death, the insured, William Gill, through his employer, Boone County Coal Corporation, made written application to the insurer upon the form provided by it to have the beneficiary changed to Anna Rose. The application was duly received by the insurance company and on January 10, 1947, it communicated with the employer by letter which contained this statement: "We are unable to effect the change of beneficiary until you send us the proper certificate bearing the number shown above, with effective date of 9-1-35". Gill died January 9, 1947, and the certificate, which named Judy Bell Gill as beneficiary and which at the time was in her possession, was never sent to the company or indorsed by it as required by its terms.

Judy Bell Gill claimed to be the beneficiary under the policy and filed proof of the death of the insured. Anna Rose presented a like claim. Neither claimant was the wife of William Gill.

The defendant, the insurance company, did not deny liability. It paid the insurance benefits into court, and asked the court to determine which of the two claimants, Judy Bell Gill or Anna Rose, as beneficiary, was entitled to the payment of the money.

The legal question involved is whether there was a sufficient compliance with the requirement of the policy by the insured in his lifetime to effect a change of beneficiary from Judy Bell Gill to Anna Rose.

As a rule insurance policies contain a clause which permits the insured, upon written notice to the insurer at its home office, to change the beneficiary under the policy and provides that the change shall become effective when it is indorsed upon the policy by the insurer. The clause

now under consideration is a typical clause of that kind. The decided cases give recognition to the principle that the right to change the beneficiary in an insurance policy depends upon the terms of the contract between the insured and the insurer and that the method of accomplishing the change is that provided by the contract.

Some courts hold that a change of beneficiary is not effective unless there is strict compliance with the requirements of the provision. The basis for this view is that the indorsement of the change by the insurer calls for the exercise of judgment and discretion and is not a mere ministerial act and that the rights of the beneficiary designated in the policy can not be terminated without the indorsement. 29 Am. Jur., Insurance, Section 1319; *Freund* v. *Freund,* 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283; *Metropolitan Life Ins. Co.* v. *Clanton,* 76 N. J. Eq. 4, 73 A. 1052; *Ehlerman* v. *Bankers' Life Co.,* 199 Iowa 417, 200 N. W. 408; *O'Donnell* v. *Metropolitan Life Ins. Co.,* 11 Del. Ch. 4, 95 A. 289; *Canavan* v. *John Hancock Mut. Life Ins. Co.,* 39 Misc. Rep. 782, 81 N. Y. Supp. 304; *Martinelli* v. *Cometti,* 133 Misc. Rep. 810, 234 N. Y. Supp. 389; *Seavers* v. *Metropolitan Life Ins. Co.,* 132 Misc. Rep. 719, 230 N. Y. Supp. 366; *Fink* v. *Fink,* 171 N. Y. 616, 64 N. E. 506; *Metropolitan Life Ins. Co.* v. *Brown,* 222 Ky. 211, 300 S. W. 599; *Berg* v. *Damkoehler,* 112 Wis. 587, 88 N. W. 606; *Metropolitan Life Ins. Co.* v. *Lewis* (La. App.) ; 142 So. 721; *Urich* v. *Western Travelers' Acc. Ass'n.,* 81 Neb. 327, 116 N. W. 48.

By the decided weight of authority, however, a change of beneficiary under a provision which requires the indorsement of the change by the insurer can be accomplished without strict compliance with that requirement. The courts which adopt that view hold generally that a substantial compliance with the conditions relating to a change of beneficiary is sufficient. Under the holdings of those courts the indorsement of a change of beneficiary by the insurer is regarded as a purely ministerial act which the insurer can not refuse to perform, the requirement of an indorsement on the policy may be waived by the insurer, and the failure of the insurer to indorse the

policy will not prevent a change of beneficiary if the insured has done everything reasonably within his power to accomplish the change. Vance, Handbook of the Law of Insurance, page 404; *Doering v. Buechler,* 146 Fed. 2d 784; *Navassa Guano Co.* v. *Cockfield,* 244 Fed. 222; *Supreme Conclave, Royal Adelphia,* v. *Cappella,* 41 Fed. 1; *McDonald v. McDonald,* 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; *Barrett v. Barrett,* 173 Ga. 375, 160 S. E. 399, 78 A. L. R. 962; *Jackson* v. *Leonard,* 169 Ga. 324, 150 S. E. 152; *Hoskins* v. *Hoskins,* 231 Ky. 5, 20 S. W. 2d 1029; *Twyman* v. *Twyman,* 201 Ky. 102, 255 S. W. 1031; *Reliance Life Ins. Co.* v. *Bennington,* 142 Md. 390, 121 A. 369; *Quist* v. *Western & Southern Life Ins. Co.,* 219 Mich. 406, 189 N. W. 49; *Luhrs* v. *Luhrs,* 123 N. Y. 367, 25 N. E. 388, 9 L. R. A. 534, 20 Am. St. Rep. 754; *In re Lynch's Estate,* 135 Misc. 436, 237 N. Y. Supp. 663; *Teague* v. *Pilot Life Ins. Co.,* 200 N. C. 450, 157 S. E. 421; *Atkinson* v. *Metropolitan Life Ins. Co.,* 114 Ohio St. 109, 150 N. E. 748; *State Mut. Life Assur. Co.* v. *Bessett,* 41 R. I. 54, 102 A. 727, L. R. A. 1918C, 961; *John Hancock Mut. Life Ins. Co.* v. *Bedford,* 36 R. I. 116, 89 A. 154; *New York Life Ins. Co.* v. *Cannon,* 22 Del. Ch. 269, 194 A. 412; *Johnston* v. *Kearns,* 107 Cal. App. 557, 290 P. 640; *Adams* v. *Grand Lodge A. O. U. W.,* 105 Cal. 321, 38 P. 914, 45 Am. St. Rep. 45; *Jory* v. *Supreme Council A. L. of H.,* 105 Cal. 20, 38 P. 524, 26 L. R. A. 733, 45 Am. St. Rep. 17; *Mutual Life Ins. Co.* v. *Lowther,* 22 Colo. App. 622, 126 P. 882; *Koch* v. *Aetna Life Ins. Co. of Hartford, Conn.,* 165 Wash. 329, 5 P. 2d 313; *Buckner* v. *Ridgely Protective Ass'n.,* 131 Wash. 174, 229 P. 313.

A provision which requires indorsement of a change of beneficiary is for the benefit and the protection of the insurer and may be waived by the insurer by filing a bill of interpleader, by paying the proceeds of the insurance into court, by indicating that it stands indifferent with respect to the demands of contesting claimants, or by otherwise expressing its assent to a change of beneficiary which has not been completed by an indorsement in strict conformity to the terms of the policy. *Doering v. Buechler,* 146 Fed. 2d 784; *Royal Union Mut. Life Ins. Co.* v. *Lloyd,* 254 Fed. 107; *McDonald v. McDonald,* 212 Ala. 137, 102 So. 38,

36 A. L. R. 761; *Barrett* v. *Barrett,* 173 Ga. 375, 160 S. E. 399, 78 A. L. R. 962; *Jackson* v. *Leonard,* 169 Ga. 324, 150 S. E. 152; *Dell* v. *Varnedoe,* 148 Ga. 91, 95 S. E. 977; *Hoskins* v. *Hoskins,* 231 Ky. 5, 20 S. E. 2d 1029; *Daugherty* v. *Daugherty,* 152 Ky. 732, 154 So. W. 9; *Causey* v. *State Life Ins. Co.,* 17 La. App. 545, 135 S. 747; *Quist* v. *Western & Southern Life Ins. Co.,* 219 Mich. 406, 189 N. W. 49; *Bank of Belzoni* v. *Hodges,* 132 Miss. 238, 96 So. 97; *In re Degenhardt's Estate,* 123 Misc. 762, 206 N. Y. Supp. 220; *White* v. *White,* 194 N. Y. Supp. 114; *Atkinson* v. *Metropolitan Life Ins. Co.,* 114 Ohio St. 109, 150 N. E. 748; *New York Life Insurance Co.·v. Cannon,* 22 Del. Ch. 269, 194 A. 412; *John Hancock Mut. Life Ins. Co.* v. *Bedford,* 36 R. I. 116, 89 A. 154; *John Hancock Mut. Life Ins. Co.* v. *White,* 20 R. I. 457, 40 A. 5.

In the suit in equity of *Union Mutual Life Insurance Company* v. *Lindamood,* 108 W. Va. 594, 152 S. E. 321, this Court said that when the insured in a life insurance policy has done substantially all that is required of him to accomplish a change of beneficiary and the ministerial acts of the officers of the insurer are all that remain to be done, the change will be effective even though the formal details were not completed before the death of the insured. In that case the mother of the insured was named as the beneficiary in a policy issued by the insurer upon the life of the insured. After the policy was issued the insured married and he and his wife lived together until his death. Three years before his death he directed the duly authorized agent of the insurer by letter to substitute his wife as beneficiary. In the same letter he applied for a policy loan. The agent acknowledged receipt of the letter and instructed the insured how to proceed to obtain the loan but did not mention the requested change of beneficiary. The insured mailed the policy to the agent and later obtained the loan. It appears that he entertained the belief that the change of beneficiary had been effected. In fact, however, the agent failed to report to the home office of the company the requested change of beneficiary and the company made no record of any change and none

was indorsed upon the policy as required by its provisions. The provisions in that policy were substantially the same as the clause which deals with that subject in the present policy. This Court concluded that as the policy did not require the consent of the insurer to change the beneficiary, as the insured had directed the change in accordance with the usual practice in such matters and believed the change had been made, as the policy was in the possession of the insurer, and as the interest of the named beneficiary was a mere expectancy, the widow should in equity be recognized as the actual beneficiary. In the opinion the Court uses this language:

> "It is undoubtedly the general rule that the mode prescribed in a life insurance policy for changing the beneficiary must be at least substantially followed. To this general rule, however, exceptions are recognized in the following cases: (1) Where the insurer has waived compliance with the prescribed regulations, or estopped itself to assert non-compliance therewith. (2) Where it is beyond the power of the insured to comply literally with the regulations. (3) Where the insured has done all that he is required to do and only formal ministerial acts on the part of the insurer remain to be done in order to complete the change, equity will treat it as having been made. 'Equity will aid an attempted, but incomplete, change of beneficiaries; * * * when the insured in good faith has attempted to comply with the prescribed mode of change. Equity will, in such case, consider that done which ought to have been done, and will not require impossibilities.' Cooley's Briefs on Insurance, p. 6455. 'If, however, the insured has done substantially all that is required of him to effect a change of beneficiary, and all that remains to be done are the ministerial acts of the officers of the association (insurer), the change will take effect, though the formal details were not completed before the death of the insured.'"

Here the insured did substantially all that was required of him. He notified the insurer at its home office in writing that he wanted a change of beneficiary and it was

informed fully of the intention of the insured on that point. The named beneficiary, the plaintiff, had possession of the certificate at the time and her possession gives rise to the inference that she would have refused to comply with any ordinary effort of the insured to obtain it from her. 29 Am. Jur., Insurance, Section 1317; *Doering* v. *Buechler*, 146 Fed. 2d 784; *McDonald* v. *McDonald*, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; *Supreme Tent, Knights of the Maccabees of the World* v. *Altmann*, 134 Mo. App. 363, 114 S. W. 1107. It is unlikely that he could have acquired possession of the certificate by any ordinary means if he had lived instead of dying a few days after notifying the insurer to make the change. The only acts which remained to be done were the delivery of the certificate to the insurer, which the insured, at the time, through no fault on his part, was unable to do, and the indorsement of the change, a mere ministerial act, by the proper officer of the insurer. Moreover, by requiring the contending claimants to interplead each other and present their claims in the proceeding, by assuming an impartial position as to the contentions of each of them, by paying the proceeds of the insurance into court, and by refusing to contest the claim of either, the insurer has waived the requirement, which was imposed for its benefit and protection, of its indorsement of the change of beneficiary upon the certificate. 29 Am. Jur., Insurance, Section 1324; 37 C. J. 585; *Bank of Belzoni* v. *Hodges*, 132 Miss. 238, 96 So. 97; *John Hancock Mutual Life Ins. Co.* v. *White*, 20 R. I. 457, 40 A. 5; *New York Life Ins. Co.* v. *Cannon*, 22 Del. Ch. 269, 194 A. 412. See *Pleasants* v. *Locomotive Engineers Mut. Life and Accident Ins. Ass'n.*, 70 W. Va. 389, 73 S. E. 976, Ann. Cas. 1913 E, 490.

In the interpleader suit of *New York Life Insurance Company* v. *Christie*, 115 W. Va. 632, 177 S. E. 865, in which three life insurance policies were involved, the clause which permitted the insured at any time and from time to time to change the beneficiary provided that every such change must be made by written notice to the insurer at its home office accompanied by the policy for

indorsement by the company and that unless the policy was so indorsed the change should not take effect. The insured, after telling the authorized agent of the insurer who sold the insurance that he wanted his wife, who was not then a named beneficiary in any of the policies, to have a part of the insurance, executed a paper which indicated that he wanted his insurance to go to her. It was taken to the agent's office on August 27, 1932, and on that day mailed to the state office of the company at Wheeling. The insured died the next day, before the paper was forwarded to the home office and before the change of beneficiary could be indorsed on the policies. This Court held that the paper operated as a change of beneficiary and in the syllabus said: "Where it may be reasonably inferred from the surrounding facts and circumstances that the insured intended, by the execution of a certain paper to effect a change of beneficiary in certain life insurance policies, a construction in accordance with such intention should be adopted."

The facts of this case bring it within the exceptions to the general rule as mentioned in the *Lindamood* case, and that decision and that of the *Christie* case apply to and are controlling in this case. Though the equitable principles involved in the *Lindamood* case were recognized and given effect in a suit in equity, there appears to be no good reason to deny their application in this action at law in which the defendant, not wishing to defend the claim of the plaintiff, has paid the money in controversy into court and, under the interpleader statute, has required the claimants to interplead each other and to litigate their claims in the same proceeding. A court in this proceeding at law can recognize and apply the governing principles of equity and order the payment of the funds in its custody by the procedure of interpleader as effectively as it may take such action in an equitable suit of interpleader, and in so doing it will avoid the additional delay and the increased expense of resorting to a suit of that character to settle the questions presented in this case. See *McDonald* v. *McDonald,* 212 Ala. 137, 102 So. 38, 36 A. L. R. 671.

The judgment of the Circuit Court of Logan County, being free from prejudicial error, is affirmed.

*Affirmed.*