LEWIS S. CHASE, Respondent, *against* HENRY F. BEHRMAN, Appellant.

(Decided February 6th, 1882.)

An instrument in writing, made and delivered by the defendant to the plaintiff, by which the former promises to pay to the order of the latter "seven dollars monthly in the following manner, to wit, seven dollars five days after date, and seven dollars on the first day of each succeeding month for twelve months from date, for the privilege of advertising purposes" of a nature and extent particularly specified, "for the term of one year from date," is a promissory note; and may therefore be pleaded, in an action upon it, as "an instrument for the payment of money only" within section 534 of the Code of Civil Procedure.

APPEAL from a judgment of the general term of the Marine Court of the City of New York reversing a judgment of that court which sustained a demurrer to a complaint, and overruling the demurrer.

The defendant made and delivered to the plaintiff an instrument in these words :

"$84.00.                    "New York, Dec. 1st, 1879.

"I promise to pay to the order of L. S. Chase, manager, seven dollars monthly in the following manner, to wit, seven dollars five days after date, and seven dollars on the first day of each succeeding month for twelve months from date, for the privilege of advertising purposes of one panel each 7x22 inches in twenty cars of the Second Avenue Railroad Company in the City of New York for the term of one year from date.

[Signed]                    "H. F. BEHRMAN."

The plaintiff declared upon this writing as a promissory note, alleging eighty-four dollars with interest to be due thereon. The defendant demurred to the complaint for not stating facts sufficient to constitute a cause of action. Judgment was

given in defendant's favor upon the demurrer at the special term of the Marine Court, with leave to the plaintiff to amend. No amendment was made, the plaintiff appealing from the judgment to the general term of the Marine Court, wherein the judgment was reversed, with leave to the defendant to plead over. This not being done, judgment was entered in plaintiff's favor, from which the defendant appealed to this court.

*James C. Sheffield*, for appellant.

*John B. Leavitt*, for respondent.

BEACH, J.—[After stating the facts as above.]—A promissory note is "a written engagement by one person to pay another person therein named, absolutely and unconditionally, a certain sum of money, at a time specified therein." The writing sued upon is certainly just that and nothing more. The clause expressing a consideration for the defendant's undertaking in no way qualifies his promise, or renders it otherwise than absolute and unconditional. If, instead of those words, it had said "for a horse," or "for value received," the contract would be unchanged. The instrument contains no undertaking by the payee to do anything whatever. In *Considerant* v. *Brisbane* (14 How. Pr. 487), which may be taken as a specimen authority among those relied on by the learned counsel for the appellant, the promise to pay was, in law, conditional upon the receipt of stock, whereby the instrument lacked a necessary characteristic of promissory notes. In *Grant* v. *Johnson* (5 N. Y. 247), the decision was founded upon the first rule stated by Sergeant Williams in his note to *Pordage* v. *Cole* (1 Saund. 320 b), in these words : " when a day is appointed for the payment of money, and the day is to happen after the thing which is the consideration to be performed, no action for the money can be sustained without averring performance." The defendant by the agreement was to pay a second installment of the purchase price of land at a day subsequent to the one whereon the plaintiff was to deliver the deed. I can see no applicability in the case to the

one at bar. There is no covenant upon the part of the plaintiff here to furnish the panels, and the payment by the defendant of the money is neither in terms nor by law made dependent upon his so doing. The advertising privilege is the consideration expressed, but failure therein is only matter of defense. Promissory notes are presumed to be founded upon a valuable and valid consideration, and its absence, by virtue of this legal presumption, is a defense to be pleaded by answer.

The disposition by the court of an issue made on demurrer is the trial of an issue of law. The successful party is entitled to the costs given in such event. Under the present practice, no appeal can be taken save from the judgment when entered. If leave to amend or plead over be given, the court may impose payment of the costs, as a condition to the exercise of the leave. The defendant relied upon his legal position for a defense, and judgment has passed against him. This he might have prevented, by availing himself of the leave given by the court below, which he declined to do.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurred.

Judgment affirmed, with costs.