CHASE *v.* SENN.

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. PROMISSORY NOTE—WHAT CONSTITUTES.

A written instrument whereby the maker promises to pay to the order of a person named a certain sum, in monthly payments of the same amount on a certain day of each month for 12 months from date, "for the privilege of advertising purposes," describing the nature and extent thereof, "for the term of one year from date," is a promissory note. Following *Chase* v. *Behrman,* 10 Daly, 344.

2. SAME—ACTION—PLEADING FAILURE OF CONSIDERATION.

In an action by the payee against the maker of a promissory note, which was expressed to have been given for advertising privileges, an answer alleging failure of plaintiff to perform the agreement for advertising, and that defendant elected to rescind the agreement and duly notified plaintiff thereof, sufficiently pleads failure of consideration.

3. SAME—CONSIDERATION—PAROL EVIDENCE.

The consideration of a note was stated therein as "the privilege of advertising purposes of one panel, each 7x22 inches, in 15 cars of" a certain street-railroad company. *Held,* in an action by the payee against the maker, that testimony of the latter was admissible as to the size of the panels agreed on between him and plaintiff at the time of making the note, and that they agreed that the advertisement was to be put in the cars on one of the several routes operated by the company specified.

4. WITNESS—CREDIBILITY—IMPEACHMENT.

The exclusion of a question to a witness, whether or not he was a witness on a former trial of the case, does not take away the right to contradict the witness by his testimony on such former trial, and is not an error sufficiently serious to require reversal of the judgment.

Appeal from city court, general term.

Action by Lewis S. Chase against Jacques Senn. Plaintiff appeals from a judgment of the general term of the city court affirming a judgment for defendant entered on the verdict of a jury, and from an order affirming an order denying a motion for a new trial.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Leavitt & Leavitt, (Edwin R. Leavitt,* of counsel,) for appellant. *P. Van Alstine, (Emanuel J. Myers,* of counsel,) for respondent.

ALLEN, P. J. Appeal from a judgment of the general term of the city court of New York, affirming a judgment in favor of defendant, entered upon the verdict of a jury, and from an order affirming an order denying a motion for a new trial. The action was brought upon an instrument in writing of which the following is a copy: "NEW YORK, September 1, 1885.

"I promise to pay to the order of L. S. Chase one hundred and eight dollars, monthly, in the following manner, to-wit, $9, 20 days after date, and $9 on the 20th day of each succeeding month for twelve months from date, for the privilege of advertising purposes of one panel, each 7x22 inches, in 15 cars of the Broadway & 7th Ave. R. R. Co. in the city of New York, for the term of one year from date. J. SENN."

The answer alleged the failure on the part of the plaintiff to perform the agreement of advertising, and that the defendant elected to rescind his agreement and duly notified the plaintiff thereof. The instrument sued upon is a promissory note. *Chase* v. *Behrman,* 10 Daly, 344. The defense is a failure of consideration agreed upon between the parties, and this defense is sufficiently pleaded in the answer. The suit is between the payor and payee of the note. When an action on a note is between the immediate parties to the note, the want of consideration, or the failure, or partial failure, is always open to inquiry. A total failure of consideration for which the note is given is a good defense, and stands upon the same footing as the original want of it. And a partial failure of consideration is a good defense *pro tanto.*

Defendant was allowed upon the trial to testify in reference to the size of the panels containing the advertisement, agreed upon between him and the

plaintiff at the time of making the note, and also testified that the advertisement was to be put in the cars of the Broadway & Seventh Avenue Railroad Company, running from Fourteenth street to the Battery. This testimony did not contradict or vary in any way the terms of the note, but served only to show what the parties had in mind when the agreement was entered into, and to prove the meaning of that part of the contract which was not exact and certain. There was no error in this, and the plaintiff's exceptions to the testimony on this subject are without merit. On cross-examination defendant was asked the question, "I ask whether or not you were a witness upon the first trial of this case," to which defendant's counsel objected. Plaintiff's counsel then stated, " I ask the question for the purpose of going into the credibility of Mr. Senn's testimony." The court sustained the objection, and plaintiff excepted. This ruling of the court does not constitute error sufficiently serious to call for a reversal of the judgment. Plaintiff's right to contradict the witness by his own testimony was not taken away from him, and the question of his right to contradict defendant's testimony on this trial by showing that he had sworn differently on a former trial was not presented by his exception to this ruling. If he desired to raise that question, he should have presented it in a proper way, either by an offer to prove that the defendant had, in material instances, given different testimony on the first trial, or have asked such questions as were calculated to elicit from the defendant whether he had not sworn differently upon the same points on a former occasion. If this offer had been rejected, or if the question had not been allowed by the court, substantial error would have been committed. We do not think, however, that the appellant's present exception is of any avail to him. The case appears to have been tried upon correct principles of law, and the questions of fact in the case were fairly submitted to the jury. The judgment and order appealed from should be affirmed, with costs. All concur.