### BADESCH v. CONGREGATION BROTHERS OF WILLNA.

(Supreme Court, Appellate Term. March 28, 1898.)

1. APPEAL—EXCEPTIONS—QUESTION FOR REVIEW.

    If, at a trial, each side moves for the direction of a verdict, and the court, while granting plaintiff's motion, restricts the verdict to an amount less than plaintiff demands, the latter's exception to the ruling enables the appellate court to review questions of law only.

2. MUTUAL BENEFIT INSURANCE—CONTRACT WITH INSURED.

    Where the only contract existing between a mutual benefit corporation and an insured is that embodied in the by-laws, they must be considered in their entirety, as essential to the proper construction of any part; and a claim cannot be based upon any one section, to the exclusion of another.

3. WITNESS—EXAMINATION.

    The exclusion of a question to a witness, objectionable as attempting to vary a written instrument clear in its terms and complete on its face, does not deprive the party of the right to further question the witness to show a practical construction of the contract by custom or acts of the parties. An exception to the ruling entitles him, therefore, to no relief; but he should proceed, if he wishes, to ask questions of the latter class.

Appeal from Fifth district court.

Action by Dora Badesch against the Congregation Brothers of Willna. From a judgment directed by the justice for plaintiff for $5, she appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Abraham H. Sarasohn, for appellant.

Alfred Steckler, for respondent.

GIEGERICH, J.   The plaintiff is the widow of one Max Badesch, deceased, who at the time of his death was a member of the defendant corporation.   She seeks by this action to recover certain benefits provided for by its by-laws, which in part provide:

"Article 3, § 1. No one shall become a member of the congregation if he or she is under eighteen years of age, or above forty-five.

"Article 3, § 2. The designated price of the initiation as it is written out in the fourth article is only unto the 45th year, but above 45 years the price shall be according to the resolution of the members of two-thirds majority; and then he cannot claim any benefits, except cemetery, and the other requirements for him and his family."

"Article 5, par. 18. By the death of a member, or of his wife, the same receives everything necessary for the burial, a hearse, three carriages and minion during the week of religious mourning, and attendance of ten during the week of mourning."

"Article 5, par. 22. If the deceased leaves, him surviving, a widow, she shall receive from each member one dollar. Should there be no widow surviving, but orphans under the age of twenty years, unmarried, they shall see to it that the money shall be appropriated to the best interests of the orphan, and to call a special meeting right away to pay out that money, and whoever does not pay that money in the period of sixty days of the death shall be considered in arrears."

The deceased was between 68 and 70 years of age when he joined the congregation, and at the time of his death had been a member for 11 years.   At the conclusion of the case each side moved for the direction of a verdict, and, while the plaintiff's motion prevailed, the justice, in his direction, restricted the verdict in her favor to the sum of five dollars, which is the amount provided by article 5, par. 7, to be paid to a member who has observed an entire week of mourning.   The plaintiff's exception to such ruling, of course, limits us, upon this appeal, to a review of questions of law only.   Stirn v. Hoffman House Co., 8 Misc. Rep. 246, 248, 28 N. Y. Supp. 724, and citations.   She insists that the justice erred in refusing to direct a verdict in her favor for the so-called endowment of one dollar from each member, as provided by paragraph 22 of article 5 of the by-laws.   This presents for determination a question as to the exact legal construction of a contract.   The contract of membership which existed between the deceased and the defendant corporation was only that embodied in the latter's by-laws.   Hellenberg v. District No. 1, etc., 94 N. Y. 580; May v. Society, 14 Daly, 389; Poultney v. Bachman, 31 Hun, 49; 2 Am. & Eng. Enc. Law (2d Ed.) p. 1081.   And, the plaintiff's claim being founded thereon, she must be held to accept it in its entirety. Therefore the by-laws should be considered in their integrity as essential to a proper construction of any particular part, and the plaintiff cannot claim the benefit of any one section to the exclusion of another.   A careful scrutiny of the above-cited provisions makes it clearly apparent that article 3, § 2, expressly limits the benefits conferred by article 5, par. 2, to members not over 45 years of age.   So obvious and reasonable, to my mind, is this conclusion, that no negative or restrictive words are required, to authorize such an interpretation.   "Expressio unius est exclusio alterius."

The plaintiff also seeks a reversal of the judgment for alleged error in rejecting evidence.   Samuel Badesch, a grandson of the deceased, testified to having accompanied the latter to meetings of the defendant.

corporation, and to seeing him pay money there, and hearing him converse as to the amount paid, and the object of its payment. The following question was then asked of him:

"Q. State what conversation you had, and what you saw, at the meeting of the congregation, as to the amount of money paid by your grandfather, and for what he paid it."

An objection as to the competency of this question was sustained, to which plaintiff noted an exception.

It is well settled that parol testimony cannot be received to contradict, vary, add to, or subtract from a written instrument, clear in its terms and complete on its face. House v. Walch, 144 N. Y. 421, 39 N. E. 327; Norton v. Woodruff, 2 N. Y. 153; Wiggin v. Knights of Pythias, 31 Fed. 122. The ruling of the justice was therefore proper, unless the plaintiff had been deprived from establishing by custom, or acts of the parties, a practical construction of that portion of the by-laws under consideration. Insurance Co. v. Dutcher, 95 U. S. 269; 3 Am. & Eng. Enc. Law (2d Ed.) p. 1082 et seq. This right, however, does not appear to have been denied the plaintiff, who could have interrogated the witness as to such subjects. This she omitted to do, however, and the exception taken is not available. Chase v. Senn (Com. Pl.) 13 N. Y. Supp. 266.

This disposes of all the questions raised by the appellant. We are satisfied, after a careful reading of the record, that the rulings of the justice were in all respects correct. The judgment should therefore be affirmed, with costs. All concur.