# CHARLESTON.

## PLEASANTS *v.* LOCOMOTIVE ENGINEERS MUT. L. AND A. INS. ASSO.

### Submitted March 14, 1911. Decided February 20, 1912.

1. INSURANCE—*Mutual Benefit Insurance—Beneficiaries.*

   The mere declaration in a by-law of a fraternal life insurance association of the object of the organization, without more, constitutes no restriction on the rights of a member in naming a beneficiary in his policy or certificate of membership. (p. 392).

2. SAME—*Mutual Benefit Insurance—Construction of Contract.*

   In construing contracts of life insurance made by a fraternal life insurance association, that construction must be put upon the laws of the order, taken as a whole, which is most favorable to the insured, and will most protect the beneficiary. (p. 393).

3. SAME—*Mutual Benefit Insurance—Beneficiaries—Waiver of Provisions in Policy.*

   Unless some statute or rule of public policy forbids, restrictions in a by-law or contract of a fraternal life insurance association, as to the beneficiaries, to be named, are to be regarded for the benefit of the insurer alone, which it may waive, and the association is the only one that can object that the beneficiary designated does not come within the class of persons who by the by-law or contract are entitled to be so designated. (p. 393).

4. SAME.

   Where in an action on such a contract, by the beneficiary

70 W. Va.

named, defendant appears, admits its liability, and pays the money into court, such act constitutes a waiver of objection to the beneficiary, and an intervening claimant is not entitled to object, defend or claim the benefit accrued under the contract on that ground.   (p. 394).

Error to Circuit Court, Mercer County.

Action by Norman Compton Pleasants and another, infants, etc., against the Locomotive Engineers' Mutual Life & Accident Insurance Association and others.   Judgment for plaintiffs, and defendants William Compton and others bring error.

*Affirmed.*

*Ritz & Ritz* and *James H. Gollehon,* for plaintiffs in error.

*Ross & Kahle* and *Sanders & Crockett,* for defendants in error.

MILLER, JUDGE:

Norman Compton Pleasants and Ira Compton Pleasants, otherwise known as Norman Compton and Irb Compton, infants, by Lillie A. Pleasants, their mother and next friend, claiming as beneficiaries named, sued the defendant company, upon two certificates of membership, or policies of life insurance, on the life of Shannon Compton, deceased, calling for $1,500.00 each.

The defendant appeared, and not desiring to defend the action, acknowledged its liability, in the net sum of $2,851.50, and which sum, on filing its two affidavits, pursuant to section 1, chapter 107, Code 1906, it was permitted to pay into court, and was relieved from all further liability on account of the policies sued on: By the first affidavit defendant alleged that James H. Gollehon, administrator of the estate of Shannon Compton, deceased, claimed the fund; by the second, that one William Compton, father and sole heir of decedent, claimed the money.

Issues were joined on the two interpleaders filed by these claimants, the plaintiffs in the action being made plaintiffs therein, and the claimants, defendants thereto.   On the trial of these issues, the court below, in lieu of a jury, found for the plaintiffs, and pronounced the judgment complained of, that they were entitled to the fund in controversy, and ordered payment and distribution of said money accordingly.

The policies themselves each provide as follows: "All payments or benefits, that may accrue or become due by virtue of this policy, will be payable to Norman and Irb Compton, cousins, or his lawful heirs." It is fully proven and now practically conceded that plaintiffs in the action, though described in the policies as Norman and Irb Compton, and by which names they are also sometimes called, are the sons of Mrs. Lillie A. Pleasants, and are usually known as Norman Compton Pleasants and Ira Compton Pleasants, the nickname "Irb," having been given the latter by the deceased; and though erroneously designated in the policies, as cousins, that they are in fact the persons designated and intended as the beneficiaries named in the policies.

To defeat the plaintiffs, the intervening claimants rely on section one of the by-laws of the association, by the terms of the policies made a part thereof, stating the object and purposes for which the organization was formed, to be the "mutual protection and relief of its members, and for the payment to the family, heirs, relatives by blood, marriage or legal adoption, affianced wife, or to a person or persons dependent upon the members of said Association, stipulated amounts from $1,500 to $4,500 by the issue of policies of $1,500 each as provided for in sections 42 and 45."

Though other questions are argued, the controlling points presented on behalf of Gollehon, administrator, and of William Compton, as sole heir, plaintiffs in error, are, first, that plaintiffs below, though specifically named as beneficiaries in the policies, having proven themselves to be the illegitimate children of their mother by the deceased, Shannon Compton, are, under the by-laws, ineligible as such; second, that the beneficiaries named being so ineligible, the benefits either go to the administrator of the insured; or, third, if not to him, to William Compton, his sole heir, whom they contend is by the terms of the policies the alternative beneficiary named, and as such a party to the contract. If the first proposition be sustained, and plaintiffs have not been otherwise rendered secure in their judgment, it is plainly immaterial whether the administrator or the heir prevails, for in either event the heir would finally get the fund.

In reply to these propositions it is said on behalf of the infant plaintiffs, first, that notwithstanding they are not desig-

nated in the policies by their full names, and are erroneously described as bearing the relationship of "cousins" to the insured, and whether or not they come within either of the classes of persons particularly enumerated in said section one of the by-laws, nevertheless, their identity as the persons named, and as the persons intended by the insured, being fully established, and there being nothing in the contract or by-laws specifically restricting the insured in naming his beneficiaries, they were lawfully designated as such beneficiaries, and are lawfully entitled to the money; second, that whether the first proposition be true or not, no statute or rule of public policy inhibiting it, even had the policy otherwise provided, the defendant having waived the question of their eligibility as beneficiaries, and its rights, if any, to defend on that ground, and having paid the money into court, no one else can lawfully contest their rights as beneficiaries named in the policies.

· As is apparent, the basis of the several propositions of plaintiffs in error is that section one of the by-laws, properly construed, is a restriction or a limitation on the insurance association, and on its members, in naming beneficiaries. Is this true? In terms the by-law is merely a statement of the object of the organization. Neither this nor any other section of the by-laws, so far as the record shows, imposes in positive terms any restriction on a member in naming his beneficiaries, and no statute is pleaded or pointed out that does so.

The proposition that the mere declaration in a by-law of the object of the organization constitutes no restriction on the rights of a member of a mutual benefit insurance association, in naming his beneficiary, seems well supported by authority. 1 Cooley's Briefs on the Law of Ins. 797, and numerous cases cited. In *Sulz* v. *Mutual Reserve Fund Life Association,* 28 L. R. A. 379, Mr. Justice Peckham says: "Attention is then called to the by-laws of the defendant, which states its object to be to promote the well-being of all its members, and to furnish substantial aid to their families or assigns in the event of a member's death." And commenting on this provision he says: "As the members are not in any way restricted in the naming of a beneficiary by any by-law of the company, or by its constitution, if there is any beneficiary named in the certificate or pol-

icy itself, that person is the one to whom the money shall be distributed."

The general rule applicable to insurance contracts is that that construction must be put upon the laws of the order, taken as a whole, which is most favorable to the insured, and most protects the beneficiaries; and the court is not bound by the construction adopted by the society. 29 Cyc. 17, and cases cited. This rule is especially applicable where there is doubt as to who is intended to be designated as beneficiary. 1 Cooley's Briefs, 820; *Cleavenger* v. *Franklin Fire Ins. Co.,* 47 W. Va. 595; May on Ins. 182; *Georgia Home Ins. Co.* v. *Kinnier,* 28 Grat. 88, 104. In a note to *Lake* v. *Minnesota etc. Assn.,* 52 Am. St. Rep., at page 559, it is said, that if the by-laws of a mutual benefit society imposes no limit as to the persons to whom certificates shall be payable, the person insured in such an association has the right to direct the amount of his certificate to be paid to a stranger, having no insurable interest in his life. *Sabin* v. *Phinney,* 134 N. Y. 423, 30 Am. St. Rep. 681; *Milner* v. *Bowman,* 119 Ind. 448; *Ingersoll* v. *Knights of Golden Rule,* 47 Fed. Rep. 272.

But assuming that the by-laws do impose restrictions on the naming of beneficiaries, in whose favor or benefit does such restrictions operate? The authorities seem uniform, that unless some statute or rule of public policy controls, such restrictions are to be regarded for the benefit of the insurer alone, which it may waive, and that the association is the only one that can raise the objection, that the beneficiary designated does not come within the class of persons who may be so designated. 2 Cooley's Briefs, 3722; 1 *Id.* 815; 29 Cyc. 105; *Taylor* v. *Hair,* 112 Fed. Rep. 913; *Order Golden Chain* v. *Terrell,* 99 Fed. Rep. 330; *Johnson* v. *Supreme Lodge, Knights of Honor,* 8 L. R. A. 732; *Tepper* v. *Supreme Council of Royal Arcanum,* 61 N. J. Eq. 638, 88 Am. St. Rep. 449; *Mechanicks National Bank* v. *Comins,* 72 N. H. 12, 101 Am. St. Rep. 650; *Cowin* v. *Hurst,* 124 Mich. 545, 83 N. W. 274, 83 Am. St. Rep. 344; 29 Cyc. 105, 106, and cases cited in notes.

In *Taylor* v. *Hair, supra,* the Court says: "While the order is under no obligation to pay a benefit to a beneficiary named who does not sustain to the holder of the certificate such a relationship as is mentioned in section 119, the law imposes no limi-

tations upon it in this respect. The order decides for itself who may become beneficiaries in the membership certificates which it issues, and it decides for itself whether in the particular case it will take advantage of a misrepresentation in an application of the relation which the beneficiary sustains to the applicant, and refuse to pay the insurance. The injury arising out of such misrepresentation is to the order, and it confers no right upon strangers to the transaction."

As we are disposed to hold that the by-laws imposed no restriction on the insured in naming his beneficiaries, and that Compton violated no provision of his contract in naming the infant plaintiffs as beneficiaries in his certificates, it seems useless to discuss the question whether the defendant waived any supposed right to defend the action by paying the money into court. But we are disposed to hold, assuming such restrictions to be in the contract, such provision being solely for the benefit of the insurer, that the admission of liability by defendant and payment of the money into court did constitute a waiver of any objection to the beneficiary, and that neither of the intervening claimants are entitled to object or defend on that ground. This proposition is abundantly supported by authority. 1 Cooley's Briefs, 815, and cases above cited.

Our conclusion, therefore, is that the judgment below should be affirmed.

*Affirmed.*