Mrs. D. W. Honea *v.* American Council, No. 27, J. O. U. A. M., et al.*

(*Knoxville.* September Term, 1917.)

1. **INSURANCE: Fraternal insurance: Exhaustion of remedies.**

   A beneficial order or association may validly stipulate that remedies must be exhausted by an appeal to a higher tribunal of the order, provided for the adjudication of claims, though it may not wholly deprive its member of the right to invoke the aid of the court of the land. (*Post, p.* 23.)

   Case cited and approved: McGuinness v. Court Elm City No. 1, 78 Conn., 43.

2. **INSURANCE. Fraternal insurance. Exhaustion of remedies.**

   Where the right to a funeral benefit against a fraternal order is involved, the beneficiary may sue without appealing to the judicatories within the order, though the by-laws provided for appeals therein, if they did not expressly inhibit suit in the courts before exhaustion of the remedies within the order. (*Post, pp.* 23-24.)

   Case cited and approved: Benson v. Grand Lodge, B. L. H. (Ch. App.), 54 S. W., 132.

3. **INSURANCE. Fraternal insurance. Right to recover. Time of reinstatement.**

   Under by-laws of fraternal order, entitling beneficiary to receive funeral benefits for the death of a member, not caused from any disease which had demonstrated itself prior to his reinstatement, the beneficiary of a member who had been suspended and whose fatal illness demonstrated itself after he applied for reinstatement but before he was finally enrolled on the books of the National Council, could not recover the death benefit. (*Post, pp.* 24-25.)

---

* On the validity of requirement by mutual benefit society that remedies within the order must be exhausted before resort to the civil courts see notes in 8 L. R. A. (N. S.), 916; 52 L. R. A. (N. S.), 823.

**4. INSURANCE.** Fraternal insurance. By-laws. Construction.

The laws of a beneficial association or order, by which the members are bound as by contract, are to be liberally construed in favor of the indemnity of the member or his beneficiaries so as to effectuate the benevolent purpose of the order; but the construction must be of the laws as a whole, rather than of a segregated clause, and it must not be a forced one nor one that runs counter to the manifest intention of the contracting parties expressed in unambiguous terms. (*Post, pp.* 25-26.)

Case cited and approved: Pleasants v. Locomotive Engineers, etc., Ass'n, 70 W. Va., 389.

**5. INSURANCE.** Fraternal insurance. Right to benefits.

Where beneficiary of member of fraternal order who had been suspended lost right to recover against national council by delay in enrollment after reinstatement, she could not recover against the local council whose by-laws postponed right to benefits until three months after reinstatement; the member having died before expiration of such time. (*Post, p.* 26.)

FROM ROANE.

Appeal from the Chancery Court of Roane County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —HUGH G. KYLE, Chancellor.

J. W. STAPLES and WM. M. HANNAH, for appellant. CASSELL & HARRIS, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill of complaint was filed against the local council and the national council of the Junior Order

of United American Mechanics, to recover $500 claimed to be due as funeral benefits arising on the death of complainant's husband. The chancery court and the court of civil appeals denied a recovery. The case has been brought before this court by a petition for *certiorari*.

One of the defenses of the order sustained by the court of civil appeals is based upon the claim of failure on the part of the representative of deceased to exhaust remedies within the order before appealing to the courts for relief.

The laws of the funeral benefit department provide, in section 23, for an appeal from a refusal of the secretary manager of the national council to pay a death claim, and that within sixty days from the decision a bill of particulars is to be filed with that official, giving all the facts of the case, in which event the appeal and all papers are to be placed before the "national judiciary for final adjudication."

A beneficial order or association may validly stipulate that remedies must be so exhausted, as by an appeal to a higher tribunal of the order, provided for the adjudication of claims, though it may not wholly deprive its member of the right to invoke the aid of the courts of the land. *McGuinness* v. *Court Elm City No.* 1, 78 Conn., 43, 60 Atl., 1023, 3 Ann. Cas., 209, and note; note Ann. Cas., 1915B, 318; 7 C. J., 1121.

But a number of the courts, this court among them, hold that, where property rights are involved, as here, a member may first bring suit without appealing to

the judicatories within the order, unless there is found incorporated in the laws of the order, or the contract, an express inhibition to the contrary. *Benson* v. *Grand Lodge B. L. H.* (Ch. App.), 54 S. W.; 132, and cases cited 7 C. J., 1122.

There appears no such prohibition in the laws governing the funeral benefit department. We, therefore, are unable to approve the ruling made on this point by the court of civil appeals.

But it is contended by the respondents that a recovery is not awardable because of another provision in the order's laws in regard to the time of the demonstration of the disease which resulted in Honea's death. Section 15 of these laws provides:

"Immediately upon the death of a member in good standing in his council, . . . and entitled by the laws of the funeral benefit department and the constitution of his State council and the laws of his council to death benefits, and whose death is not caused . . . from any disease which had demonstrated itself prior to his enrollment or reinstatement into the funeral benefit department," payments shall be made in manner set forth.

Another provision is, in substance, that no claim shall be made for benefits upon the death of any member from a disease which "may have demonstrated itself prior to his admission to the order and his enrollment in the funeral benefit department and reinstatement therein."

Would the demonstration of disease prior to Honea's reinstatement by enrollment at headquarters of the national council defeat recovery, if it did not precede his admission to the lodge? Is the reinstatement the legal equivalent of readmission to the local lodge?

The facts illustrating this contention are as follows:

Many months prior to March 15, 1915, Honea defaulted in the payment of dues, and was suspended. In the early part of that year he made application for membership in the order by way of reinstatement. He was thus admitted into the local council on March 15, 1915, but the evidencing papers were not forwarded by the local officer to the headquarters in Pittsburgh, Pa., until the 18th. They were not received there, so that Honea's name could be enrolled, until the 20th. Between March 15th and the 20th he was confined to his bed by reason of the illness that led to his death on March 26th.

We are of opinion that the true construction of the laws quoted in that such demonstration of disease prior to reinstatement on the rolls of the national council at its headquarters prevents a recover in this case.

It is true that the laws of a beneficial association or order, by which the members are bound as by contract, are to be liberally construed, in favor of the indemnity of the member or his beneficiaries so as to effectuate the benevolent purpose of the order; but the construction must be of the laws as a whole, rather than of a segregated clause, and it must not be a

forced one or one that runs counter to the manifest intention of the contracting parties, expressed in terms that are not fairly ambiguous. *Pleasants* v. *Locomotive Engineers' etc., Asso.*, 70 W. Va., 389, 73 S. E., 976, Ann. Cas., 1913E, 490, and note; 7 C. J., 1077.

Any ambiguity on the point in the clause last quoted from the laws is removed by a reading of the one first quoted.

The complainant insists that she is entitled to recover of the local council, American Council No. 27, of Harriman, whatever may be her lack of remedy against the national council; and as a part of the contention it is urged that the forwarding of the reinstatement papers was due to the neglect of the officers of the local council.

Passing the question as to complainant's right to a judgment against the local council, if it be a nonincorporated association, we think that nonliability is made manifest by the following by-law of council No. 27, which is a body of rules distinct from those of the national council:

"The person elected for reinstatement into this council shall not be considered a member until he pays the stipulated reinstatement fee, and in such case shall not be entitled to benefits until the expiration of three months."

As seen, Honea died before three months had elapsed following his readmission into the local council.

The result reached by the court of civil appeals was a correct one. Affirmed.