NOCKIGME *v.* STANDARD ACCIDENT INSURANCE CO.

INSURANCE — ACCIDENT INSURANCE — RIGHT AND OPPORTUNITY TO EXAMINE PERSON OF INJURED—DIRECTED VERDICT.

> In an action on an accident insurance policy for insured's accidental death, defendant's motion for a directed verdict on the ground that the policy provided that insurer should have the right and opportunity to examine the person of the injured when and so often as it may be reasonably required during the pendency of the claim, and also the right and opportunity to make an autopsy in case of death where it is not forbidden by law, *held,* properly denied in the absence of evidence of failure to give notice of the injury or proof that defendant was denied the right and opportunity to examine the insured or perform an autopsy.

Error to Bay; Houghton (Samuel G.), J. Submitted May 2, 1924. (Docket No. 83.) Decided June 2, 1924.

Assumpsit by Jennie J. Nockigme against the Standard Accident Insurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Keena, Lightner, Oxtoby, Hanley & Crawford,* for appellant.

*Gilbert W. Hand* and *Selwyn A. Lambert,* for appellee.

SHARPE, J. Plaintiff sues to recover on an accident policy issued by the defendant to Erwin R. Nockigme, in which she is named the beneficiary. The insured met with an accident on December 14, 1922, and died on the 21st. Defendant reviews the judgment

entered on a verdict in plaintiff's favor by writ of error.   The only error assigned is on the court's refusal to direct a verdict for defendant.   The grounds of the motion made therefor were thus stated:

"If your honor please, at this time I move the court that a verdict be directed in favor of defendant under the special plea of defense offered, in which it is set up in the second paragraph, page 1, section 8, of the standard provisions of the insurance policy, which provides that the company shall have the right and opportunity to examine the person of the injured when and so often as it may be reasonably required during the pendency of the claim hereunder, and also the right and opportunity to make an autopsy in case of death, where it is not forbidden by law.   That is a provision which is incorporated in the policy, and becomes part of it, and is known under the law as a standard provision complying with the various rules and requirements of the insurance commissioner, and the statutes of the State."

The provision in the policy referred to reads as follows:

"The company shall have the right and opportunity to examine the person of the insured when and so often as it may reasonably require during the pendency of claim hereunder and also the right and opportunity to make an autopsy in case of death where it is not forbidden by law."

The extracts of the policy appearing in the record contain no provision for notice to the insurer in case of an accident to the insured.   Act No. 256, Pub. Acts 1917, pt. 3, chap. 2, subd. 4, § 14 (Comp. Laws Supp. 1922, § 9100 [158]), provides that a provision shall be inserted in such policies requiring notice of the injury to be given "within twenty days after the date of the accident causing such injury."   If we assume that this policy contains such a provision, we cannot say on this record that it was not complied with.   The insured on December 19th signed such

a notice on a blank prepared for that purpose and furnished by the defendant. This was offered and received in evidence without objection. The record is silent as to when it was mailed or received by defendant. Unless mailed or received within the 20 days, it was not admissible for any purpose. An autopsy was performed on the day he died at the request of the beneficiary. It clearly disclosed that death was due to the injury caused by the accident. The motion was not based on a failure to give such notice. There is no proof that defendant was denied the "right and opportunity" to examine the insured or perform an autopsy. Upon the record as presented, we can but hold that the motion to direct was properly denied.

The judgment is affirmed.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.