DUNN *v.* DETROIT FEDERATION OF MUSICIANS.

1. BENEFICIAL ASSOCIATIONS—INTERPRETATION OF BY-LAWS.
   Courts are not bound by the interpretation given by-laws of mutual benefit association by its officers.

2. INSURANCE—BENEFICIAL ASSOCIATIONS—CONSTITUTION AND BY-LAWS AS CONTRACT WITH MEMBERS.
   Constitution and by-laws of a mutual benefit association, in the absence of a certificate of insurance, constitute the entire contract between members and association.

3. CONTRACTS—BENEFICIAL ASSOCIATIONS—MEMBERS.
    Actual agreement between mutual benefit association and its
    members must be ascertained from the entire constitution and
    by-laws constituting the contract, taking into consideration
    each and every clause.

4. BENEFICIAL ASSOCIATIONS— CONSTITUTION — BY-LAWS—INTERPRE-
    TATION.
    Court in construing constitution and by-laws of a mutual benefit
    association may not ignore direct provisions thereof, will read
    instrument as a whole and if doubt is raised as to whether or
    not a forfeiture is claimed, it will not be upheld.

5. SAME—INSURANCE.
    Equitable rights of members of mutual benefit association, who
    are untrained in technicalities of language and law, will be
    safeguarded and when constitution and by-laws contain incon-
    sistent or ambiguous provisions, that most favorable to insured
    will be followed, but where language is clear its effect cannot
    be destroyed by judicial construction.

6. SAME—DEATH BENEFITS—FORFEITURE—BY-LAWS.
    In action of assumpsit by beneficiary for death benefit under
    mutual benefit association's constitution and by-laws, for-
    feiture *held*, improper where by-law provided for payment of
    benefits if dues were paid for quarter within which death
    occurred, dues were paid after death and within additional
    time according to another by-law also providing for expulsion
    of member for nonpayment of dues after due notice.

7. INSURANCE—ACTION BY BENEFICIARY.
    Beneficiary under a contract of insurance may bring action
    thereon.
    WIEST and EDWARD M. SHARPE, JJ., dissenting.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted June 19, 1934. (Docket No. 127, Calendar
No. 37,918.) Decided October 1, 1934. Rehearing
denied December 11, 1934.

Assumpsit by Lawrence K. Dunn against Detroit
Federation of Musicians, Local No. 5, American
Federation of Musicians, a voluntary musical and

fraternal association, for death benefit. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Schmalzriedt, Frye, Granse & Frye* (*Thomas J. Drouillard*, of counsel), for plaintiff.

*Meurer & Meurer* and *Freedman & Drexelius*, for defendant.

BUTZEL, J. On April 27, 1919, Alfred D. Dunn, a Detroit musician, became a member of Detroit Federation of Musicians, Local No. 5, American Federation, a voluntary musical and fraternal association, the defendant herein. In 1928, Dunn moved to Colorado, but kept up his membership in defendant, which also insured its members. At the time of Dunn's death, it paid a $1,200 death benefit to the beneficiary designated by the member. Each time a death occurred, an assessment was levied on the surviving members.

Dunn paid his dues and assessments throughout the 13 years of his membership including the first quarter of 1932. The dues for the second quarter were unpaid at the time of his death, May 26, 1932. They were paid within a day or two thereafter by Joe Dunn, a brother of Lawrence K. Dunn, plaintiff herein and beneficiary of the death benefit. Defendant did not know who paid the dues until the time of the trial of the instant suit. It kept them, and made no offer either at the trial or prior thereto, to return them to anyone. They were paid for the quarter in which Alfred Dunn's death occurred. Defendant based its refusal to pay on the ground that Dunn's dues were not paid for the quarter in which his death occurred.

Defendant issued no policy or certificate of insurance to its members. The insurance is provided for

in the by-laws.  Article 18, § 1, of the by-laws provides:

"Upon the death of a member of this local whose dues are paid for the quarter in which the death occurs, the secretary-treasurer shall, after having ascertained the facts of the death, draw a warrant upon the treasury for the sum of $1,500," etc.

This amount was subsequently changed by resolution to $1,200.

Article 3, § 7, of the by-laws provides:

"The dues become payable on the first day of January, April, July and October and shall be $2 per quarter, if paid before the expiration of the current quarter.  If not paid before the expiration of the current quarter, they shall be $2.50 per quarter. If not paid before the expiration of the second quarter, the member, after due notice, shall stand expelled."

The trial judge, who heard the case without a jury, held that inasmuch as Alfred Dunn's dues were not paid until after his death, plaintiff was not entitled to recover.  Plaintiff appeals, claiming that the dues were paid for the quarter in which Dunn died, as provided by article 18, § 1, but even if there were any doubt as to the meaning of this section, article 3, § 7, gives additional time in which to pay dues, and in case of nonpayment provides for expulsion only after due notice.

Under objection, defendant's records were introduced to show that, in other cases, payment of insurance was refused because the dues for the quarter in which the member died were not paid prior to his death.  Defendant also introduced copies of bulletins mailed to its members warning them

against losing their insurance in this manner; also an article in one of the bulletins in which the editor explained the operation of the death benefit by-law, and stated that in order to be in good standing so that the insurance would be in force, the dues for the current quarter in which the death occurred must have been paid prior to the death of the member. The court is not bound to follow the construction placed upon a by-law of the organization by its officers. *Morey* v. *Monk,* 142 Ala. 175 (38 South. 265); *Manson* v. *Grand Lodge Ancient Order of United Workmen,* 30 Minn. 509 (16 N. W. 395); *Davidson* v. *Supreme Lodge, Knights of Pythias,* 22 Mo. App. 263. Were the rule otherwise, payment might be refused upon the most frivolous and unjust grounds, and a precedent thus established to defeat valid claims.

Where there is no certificate of insurance, the constitution and by-laws constitute the entire contract between the members and the association. *Badesch* v. *Congregation Brothers of Willna,* 23 Misc. Rep. 160 (50 N. Y. Supp. 958); *Honea* v. *American Council No. 27,* 139 Tenn. 21 (201 S. W. 127). The actual agreement must be ascertained from the entire instrument, taking into consideration each and every clause. *Thomson Electric Welding Co.* v. *Peerless Wire Fence Co.,* 190 Mich. 496.

Defendant shows that members have other benefits and advantages and that the insurance feature is incidental and not the main purpose of the defendant. The by-laws provide that persons joining the organization shall not participate in the death benefit fund until they have been members in good standing for six months or longer; that any person becoming a member of the organization after April 1, 1921, who is 50 years of age or over, shall not be

eligible to participate in the benefits of the fund. Members who are reinstated after one year from the date of expulsion shall not participate in the death benefit fund until six months after date of reinstatement, provided they are not 50 years or over at the time of reinstatement.

Courts may not ignore the direct provisions of the constitution and by-laws of a mutual benefit association. They will give a reasonable and liberal construction to them, and when, read as a whole, there is considerable doubt as to whether a forfeiture is rightfully claimed, it will not be upheld. The members of the organization are untrained in the technicalities of language and law, and their equitable rights will be safeguarded, provided no violence is done to the by-laws and constitution. When the latter contain two inconsistent or ambiguous provisions, that most favorable to the insured will be followed. *Miner* v. *Michigan Mutual Benefit Ass'n*, 63 Mich. 338; *Wolf* v. *District Grand Lodge No. 6, I. O. B. B.*, 102 Mich. 23. Where the language of the entire contract is clear and unambiguous, its effect cannot be destroyed by judicial construction. *Sturgis National Bank* v. *Maryland Casualty Co.*, 252 Mich. 426.

Under article 18, § 1, of the by-laws the dues must be paid for the quarter in which the death occurred. The section does not provide that they must be paid prior to the death of the member. Dunn's dues for the quarter in which he died were paid and kept by defendant. Article 3, § 7, further gives additional time to pay the dues. Article 18, § 1, also provided that all sums due defendant shall be deducted from the amount due for death benefit. It is possible that the clause requiring payment of dues for the quarter in which the death occurred was inserted so that the

member would be charged with them, and the amount deducted from the death benefit. Following the general rules of construction to the facts as presented, we believe the forfeiture was improper, and that plaintiff should recover.

Defendant further claims that plaintiff may not maintain an action at law on a contract to which it is only a third party beneficiary. It relies on the case of *Linneman* v. *Moross Estate,* 98 Mich. 178 (39 Am. St. Rep. 528), in which an insurance contract was not involved. We have always properly recognized the right of a beneficiary to bring suit on an insurance contract made by another for his benefit. *Voss* v. *Connecticut Mutual Life Ins. Co.,* 119 Mich. 161 (44 L. R. A. 689); *Nockigme* v. *Standard Accident Ins. Co.,* 227 Mich. 506; *Repala* v. *John Hancock Mutual Life Ins. Co.,* 229 Mich. 463; *Homann* v. *Allgemeiner Arbeiter Bund of Michigan,* 184 Mich. 417; *Thompson* v. *Loyal Protective Ass'n,* 167 Mich. 31; 1 Williston on Contracts (1st Ed.), § 369.

The judgment for defendant is reversed and the case remanded to the trial court with instructions to enter a judgment for $1,200, with interest. Plaintiff will recover costs.

Nelson Sharpe, C. J., and Potter, North, Fead, and Bushnell, JJ., concurred with Butzel, J.

Wiest, J. (*dissenting*). I am of the opinion that article 18, § 1, of the by-laws, in limiting liability to instances where dues are paid for the quarter in which death occurs, clearly states the governing rule relative to death benefits and requires payment of dues during the life of the member. Other provisions relate to mere membership and cannot be con-

sidered as qualifying the death benefit provision. I think the judgment should be affirmed.

EDWARD M. SHARPE, J., concurred with WIEST, J.

## ON MOTION FOR REHEARING.

PER CURIAM.   Rehearing is denied.   The case was decided upon a record which presented defendant's claims very fully.   Our attention is called to a statement by the trial court that if the motion for judgment were decided adversely to the defendant, the latter would be permitted to bring in further proofs if it desired.   Our opinion is therefore amended so as to remand the case to the trial court for the taking of further proofs and making decision.