METROPOLITAN LIFE INSURANCE COMPANY, a corporation of the State of New York, GEORGE H. McGOVERN, Administrator of MARY C. McGOVERN, deceased, and GEORGE H. McGOVERN, Administrator of ISAAC J. GILKEY, deceased, Defendants below, Appellants,

*vs.*

ELIZABETH A. O'DONNELL,
Complainant below, Appellee.

*(Appeal.)*

ELIZABETH A. O'DONNELL,
Complainant below, Appellant,

*vs.*

METROPOLITAN LIFE INSURANCE COMPANY, a corporation of the State of New York, GEORGE H. McGOVERN, Administrator of MARY C. McGOVERN, deceased, and GEORGE H. McGOVERN, Administrator of Isaac J. Gilkey, deceased, Defendants below, Appellees.

*(Cross Appeal.)*

*Supreme Court, on appeal, Oct. 23, 1917.*

The relief granted must be agreeable to the case made by the bill, and relief not specifically prayed by the bill will ordinarily be denied, unless it can be granted under the general prayer, which is consistent with purposes of bill.

Where the administrator of insured, after the filing of bill to enforce an equitable assignment of the policies, and after service of process, delivered the policies to the insurer, instead of to complainant, and received sums payable under the policies, he must be deemed to hold them subject to the Chancellor's order as to their proper disposition.

In suit to enforce an equitable assignment of insurance policies against the insurer, the administrator of the insured, and others, the administrator having received from the insurer the sums payable under the policies after filing of the bill and service of process, affirmative relief was properly granted against him, consistently with the rules of equity pleading, under the general prayer of the bill.

The general rule is that the beneficiary named in a life insurance policy has a vested interest in the policy, and, unless the right to change the beneficiary is reserved in the policy or given by statute, no such right exists.

The mere voluntary payment of premiums on a life policy by the person designated as beneficiary will not create a vested interest in such person.

Though the right to change the beneficiary under a life policy is reserved, the insured as a rule cannot effect such change except by a substantial compliance with the method prescribed by the policy or statute, but equity recognizes exceptions to the rule, and where the insured has the right to change the beneficiary, and, in attempting to do so, has met all the requirements of policy or statute, except the surrender of the policy, which is withheld by another claiming rights thereunder, so that the wishes of the insured are interfered with, equity will deem the effort made to change the beneficiary sufficient, and will not permit the interfering person to profit, the acts of insured constituting an equitable change of beneficiary.

STATEMENT OF THE CASE. The Chancellor found for Elizabeth A. O'Donnell as to the policy issued by the Metropolitan Life Insurance Company, and for George H. McGovern, administrator of Mary C. McGovern, deceased, as to the policy, issued by the Economic Insurance Company of America. The respondents below appealed and the complainant below filed a cross-appeal.

The terms of the decree entered by the Chancellor are shown by the several assignments of error. The appellants, respondents below, say:

That the Chancellor erred in that he ordered, adjudged and decreed (1) that the said George H. McGovern, administrator of Mary C. McGovern, should within thirty days, pay to the said Elizabeth A. O'Donnell, or to Henry R. Isaacs, Esquire, her solicitor, the sum of ninety-six dollars, being the

amount due under policy No. 25783032, issued as aforesaid by the Metropolitan Life Insurance Company; (2) that the costs of this cause taxed at the sum of one hundred and seventy dollars and thirty-nine cents should be paid by the said George H. McGovern, within sixty days, or attachment; (3) that he erred in that he did not decree that the bill of complaint, filed in the above entitled cause, by the said Elizabeth O'Donnell, be dismissed; and (4) in that he found that the said Isaac J. Gilkey did have the right to change the beneficiary named in policy No. 25783032, issued by the said Metropolitan Life Insurance Company, on the life of the said Isaac J. Gilkey, and that the attempt of the said Isaac J. Gilkey to so change and make the complainant Elizabeth A. O'Donnell, beneficiary under said policy, was frustrated by the conduct and claims of the said George H. McGovern.

The cross-appellant, complainant below, says:

That the Chancellor erred in finding (1) that the beneficiary named in the policy of insurance, No. 8350H, issued by "the Economic Insurance Company of America," on the life of Isaac J. Gilkey, took a vested interest in the same; (2) that payment to George H. McGovern of the money due and payable upon said policy No. 8350H issued by "the Economic Insurance Company of America" was a valid discharge of the liability of "Metropolitan Life Insurance Company" which said company subsequent to the issuance of said policy had assumed all the obligations thereof; (3) that it was immaterial as far as concerned the rights of Elizabeth A. O'Donnell, complainant below, appellant, in what capacity the said George H. McGovern received the money due and payable under said policy of insurance, whether as administrator of the insured, as administrator of the beneficiary, or as a connection by marriage of the insured; (4) that the said Elizabeth A. O'Donnell, complainant below, appellant, was not entitled to any relief in the Court of Chancery based on the rights claimed by her under the said policy issued by "the Economic Insurance Company of America"; (5) that the said Elizabeth A. O'Donnell, complainant below, appellant, was not entitled to payment from either of the respondents of the amount due on said

policy; and (6) in not ordering, adjudging and decreeing that the said George H. McGovern, administrator of Mary C. McGovern, should pay to the said Elizabeth A. O'Donnell complainant below, appellant, the amount due under said policy of insurance No. 8350H, issued by "the Economic Insurance Company of America "

(See *ante p.* 4, for report of case below.)

Argued before PENNEWILL, C. J., and BOYCE, CONRAD and RICE, J. J.

*John R. Nicholson,* for appellants and cross appellees.
*Henry R. Isaacs,* for the appellee and cross appellant.

BOYCE, J., after stating the case, delivering the opinion of the court:

The appeal and cross-appeal bring before this court the same questions which were before the Chancellor.

The purpose of the bill was to determine the rights between Elizabeth A. O'Donnell, the complainant, and George H. McGovern, administrator of Mary C. McGovern, deceased, one of the respondents, to the proceeds of the two policies in question, and to enforce payment thereof to the complainant.

Gilkey, the insured, made applications on forms of the company to change the beneficiary named in the policies, so as to make them payable to the complainant, and not to the estate of his deceased daughter; and not having the policies in his possession, he also made application on proper forms of the company to have duplicate policies issued, declaring in writing over his signature upon the forms that the policies were lost, and he paid the agent the usual cost for the duplicates. It is admitted that the applications were received at the local office of the company to be forwarded to the home office; but that this was not done, because very shortly thereafter the original policies were presented to the local office by McGovern, and for that reason the duplicates were not issued, and no change was made in the beneficiary named in the policies. McGovern admits that he did apprise the home office

as well as the local office of the company that the policies were not lost but were rightfully in his possession as administrator of Mary C. Gilkey, deceased. He also admits that he made tender of payment of the premiums on the policies a number of times as administrator of Mary C. Gilkey, deceased.

The principal question involved is what was the effect of Gilkey's applications, for the issuance to him of new policies, and for a substitution of Mrs. O'Donnell as his beneficiary; that is, whether his acts in connection with the acts of McGovern constituted an equitable change of beneficiary as such to entitle the complainant to the proceeds of the policies.

First, on a question of pleading:

The solicitor for the appellant contended with earnestness and learning that the allegations of the bill referred to the condition of things, at the time the bill was filed and that the prayers for relief must be considered strictly with relation to the case as made by the bill and not the case made by the defense.

It was claimed that the bill alleges that the Metropolitan Life Insurance Company, one of the respondents, refused to make payment to either of the claimants and that the policies in dispute were in the possession of the respondent McGovern; that the specific prayers were that the Metropolitan Life Insurance Company should be adjudged to hold the sums of money due and payable under the policies as trustee for the complainant Mrs. O'Donnell; that the respondent McGovern should deliver the policies to the complainant; and that the Metropolitan Life Insurance Company should be decreed to pay to the complainant the sums due and payable under the policies upon presentation of the policies and the premium receipt book; whereas, the relief granted was "that the said George H. McGovern, administrator of Mary C. McGovern, do within thirty days from the date hereof, pay to the said Elizabeth A. O'Donnell, or to Henry R. Isaacs, Esquire, her solicitor, the sum of ninety six dollars, being the amount due under policy No. 25783032, issued as aforesaid by the Metropolitan Life Insurance Company."

It appears from the answers that, after the filing of the bill, and from the evidence after service of process, the Metropolitan

Life Insurance Company had paid the sums of money due under both policies to the respondent McGovern and that the latter had surrendered the policies to the company. It was urged that if after the filing of the bill, new facts arise to which the relief adapted to the state of facts existing at the time of the filing of the bill is not applicable, then the principles and rules of equity pleading require that a supplementary or amended bill shall be filed containing allegations and prayers to the new state of facts.

The authorities relied on in support of the contention are *Daniels Chan. Pl. & Pr.* 325, 380 (*4th Ed.*); *Winnipiseogee Lake Co. v. Young*, 40 *N. H.* 420 (*note* 3.)

It is a familiar principle that "the relief granted must be agreeable to the case made by the bill, * * * and that the court will not in all cases permit a bill framed for one purpose to answer another, especially if the opposite party may be thereby surprised or prejudiced." *Kibler's Adm. v. Whiteman's Exr.*, 2 *Harr.* 401, 407.

Relief not specifically prayed by the bill will ordinarily be denied, unless it can be granted under the general prayer. *Jones, et al., v. Bush, et al.*, 4 *Harr.* 1, 7.

Relief may be granted under the general prayer, if it is consistent with the purpose of the bill.

When McGovern, after the filing of the bill, and after service of process, delivered the policies to the Metropolitan Life Insurance Company, instead of delivering them to the complainant, and received from the company the sums due and payable under the policies, he must be deemed to have and to hold the sums paid to him on the policies, subject to the order of the Chancellor as to the proper disposition of the sums received. And it is the opinion of the court, that affirmative relief against McGovern was consistently with the rule of equity pleading, properly decreed under the general prayer.

On the main question it was contended for the appellants that as to the policy issued by the Metropolitan Life Insurance Company, the insured could not change his beneficiary except upon the approval of the company, and in the manner prescribed by the provisions of the policy; and that as this was

not done the attempted change of the beneficiary was ineffectual. The appellee, on the contrary, insisted that the insured did all he could do, or was required to do, in order to change the beneficiary named in the policy, and that although the insured died before the company made written endorsements on the policy, yet equity will decree that to be done which ought to be done; and, acting as though the change of the beneficiary was complete, will decree the payment of the proceeds of the policy to the substituted beneficiary.

Opposed to the contention of the appellee, cross-appellant, that the insured had the right to change the beneficiary named in the policy issued by the Economic Insurance Company of America, it was urged by the appellants, respondents below, that the beneficiary named in the policy had from the very nature of the policy, a vested interest therein; and that the insured could not change the beneficiary originally named without her consent, and could not do so after her death.

The Chancellor in his opinion discusses at length both the law and the evidence of the case.

This court deems it unnecessary to review the evidence, or to do more than to state a few general principles applicable to the facts.

The findings of the facts by the Chancellor are warranted by the evidence, and should not be disturbed.

With respect to an insurance policy, the general rule is, that the beneficiary named therein has a vested interest in the policy; and unless the right to change the beneficiary is reserved in the policy, or is given by statute, no such right exists. Inasmuch, therefore, as the right to change the beneficiary was not reserved in the Economic policy, the complainant cannot have the proceeds thereof decreed to her.

It is well settled that the mere voluntary payment of premiums by the person designated in a policy of insurance as beneficiary will not create a vested interest in such person.

With respect to the Metropolitan policy, in which the right to change the beneficiary is reserved, there is nothing in the evidence to satisfactorily show that the designation of the deceased daughter of the insured as beneficiary was made upon

any agreement to pay the premiums, or upon any valuable consideration, or that the designation was not gratuitously made.

Though the right to change the beneficiary be reserved, the insured cannot, as a rule, effect such change, except by a substantial compliance with the method prescribed by the policy, or statute. Equity, however, recognizes exceptions to this general rule. Where the insured has the right to change the beneficiary, and when in attempting to do so he has met all the requirements prescribed by the policy, or statute, except the surrender of the policy which, as in this case, is withheld by another claiming rights thereunder, and the wishes of the insured are thereby interfered with and thwarted, equity will deem the effort made to change the beneficiary sufficient; and will not permit the person thus interfering to profit thereby.

It is the opinion of the court that the policies in question were, to all intents and purposes, lost to Gilkey at the time he made his application for a change of beneficiary therein, because they were in the possession of McGovern, an adverse, hostile claimant. Though the policies were not actually lost, and assuming that Gilkey did not make diligent search for them, nevertheless the claims and admissions of McGovern warrant the conclusion that had demand been made upon him for the policies, he would have refused to surrender them *for the purpose of substituting the complainant as beneficiary.*

We are of the opinion that the acts of Gilkey, under the facts and circumstances, constituted an equitable change of beneficiary in the Metropolitan policy, in which he had reserved the right of change, and that Mrs. O'Donnell is entitled to the proceeds thereof. *Jory v. Supreme Council, American Legion of Honor,* 105 *Cal.* 20, 38 *Pac.* 524, 26 *L. R. A.* 733, 45 *Am. St. Rep.* 17; *Lahey v. Lahey,* 174 *N. Y.* 146, 66 *N. E.* 670, 61 *L. R A.* 791, 95 *Am. St. Rep.* 554.

It is the unanimous opinion of the court that the decree of the Chancellor disposing of the sums due under the two policies should be affirmed. But with respect to the costs, it is the opinion of this court, that they should be taxed against the Metropolitan Life Insurance Company and George H.

McGovern, administrator of Mary C. McGovern, deceased, to be paid by them respectively in equal shares, and the cause is remanded to the court below to reform the decree in accordance with the judgment of this court. The costs in this court will be taxed in the same manner.