ACACIA MUTUAL LIFE INSURANCE COMPANY, a corporation of the District of Columbia,

*vs.*

ELLEN VANDALIER NEWCOMB and LILLIAN ELIZABETH CASS.

*New Castle, September 16, 1941.*

*George C. Hering,* of Hering, Morris, James & Hitchens, and *Harold B. Howard,* for complainant.

*David F. Anderson,* of Southerland, Berl, Potter & Leahy, for Ellen Vandalier Newcomb.

*P. Warren Green* for Lillian Elizabeth Cass.

THE CHANCELLOR: Ellen Vandalier Newcomb, widow of William Thomas Newcomb, concedes that Lillian Elizabeth Cass must be regarded as the beneficiary of the proceeds of the policy of insurance on her husband's life. *O'Donnell v. Metropolitan Life Ins. Co.*, 11 *Del. Ch.* 4, 95 A. 289; *Id.*, 11 *Del. Ch.* 404, 102 A. 163. She claims, however, that she is entitled to a lien on that fund because of the premiums paid on the policy by her from her own earnings during her husband's lifetime.

Perhaps in most cases, an equitable lien on a particular fund can be created only by a contract which, in express terms, provides that it shall be held or transferred as security for some debt or obligation of the promisor. *Gifford v. Gifford*, 93 *N. J. Eq.* 299, 115 A. 654; *Leslie V. French*, [1883] *L. R.*, 23 *Ch. Div.* 552; *Clack v. Holland*, 19 *Beav.* 262, 52 *Eng. Repr.* 350; *In re Winchelsea's Policy*, [1888] *L. R.*, 39 *Ch. Div.* 168; 3 *Pomeroy's Eq. Juris.*, 4th Ed., §§ 1235, 1236, 1239; 37 *C. J.* 315. But there are cases where liens are recognized, and will be enforced by a court of equity, though there is no semblance of a contract relation between the parties. *Gifford v. Gifford, supra;* 3 *Pomeroy's Eq. Jur.*, §§ 1239, 1241, *etc., supra;* 37 *C. J.* 319. Such cases are based upon general considerations of right and justice, or upon the particular equitable principle that he who seeks the aid of equity in enforcing some claim must himself do equity. *Spengler v. Spengler,* 65 *N. J. Ed.* 176, 55 A. 285; Carmichael *v. Arms*, 51 *Ind. App.* 689, 100 *N. E.* 302; 3 *Pomeroy's Eq. Jur.*, §§ 1238, 1239, 1241; 37 *C. J.* 319. But the latter rule has no application here. See *Spengler v. Spengler, supra.* Relying on these principles, Ellen Vandalier Newcomb contends that the payments of premiums from her own funds, materially aided in producing the fund in controversy, and to reject her claim for a lien would result in the unjust enrichment of Lillian Elizabeth Cass, at her expense. But, in any aspect of the case, it seems difficult to escape the conclu-

sion that Mrs. Newcomb is not entitled to an equitable lien on the fund sought to be charged. *Spengler v. Spengler, supra;* see also *Gifford v. Gifford, supra.* None of the alleged payments were made pursuant to any express contract with William Thomas Newcomb, or at his request. See *Falcke vs. Scottish Imperial Ins. Co.,* [1887] *L. R.,* 34 *Ch. Div.* 234. Conceding that he knew they were being made by his wife, under the facts of this case that is not sufficient to sustain her claim. *Spengler v. Spengler, supra,;* see, also, *Leslie v. French, supra; Gifford v. Gifford, supra.* None of them can be said to have been made under any misapprehension as to Mrs. Newcomb's real rights. *Spengler v. Spengler, supra; Gifford v. Gifford, supra; Leslie v. French, supra.* No question of payments made by one of several owners for their joint benefit is involved. 3 *Pomeroy's Eq. Jur.* § 1241. Nor do any of the other examples of equitable liens, independent of contract, given by Professor Pomeroy in the subsequent sections of *Volume* 3 of his work on *Equity Jurisprudence,* apply.

It is not contended that Mrs. Newcomb had any vested rights in the policy on her husband's life.

When a person not the real owner of a policy of insurance nor bound to pay the premiums thereon, nevertheless, voluntarily pays them because of some claim or color of interest in the policy, and thus keeps it alive for the benefit of a third person, perhaps ordinarily he may acquire an equitable lien on the proceeds of the policy to secure his advances. 3 *Pomeroy's Eq. Jur.,* § 1243, *supra; Stockwell v. Mutual Life Ins. Co.,* 140 *Cal.* 198, 73 *P.* 833, 98 *Am. St. Rep.* 25; see, also, *Tepper v. Supreme Council,* 59 *N. J. Eq.* 321, 45 *A.* 111; *Gifford v. Gifford, supra; Metropolitan Life Ins. Co. v. Tesauro,* 94 *N. J. Eq.* 637, 120 *A.* 918. Whatever statements may have been made in some text books, the cases do not seem to justify the application of any broader rule. 3 *Pomeroy's Eq. Jur.* § 1243, note. But Mrs. Newcomb's rights are not governed thereby. Entire good faith was essential. The payments

alleged to have been made by her were on a contract of insurance, in which the right of the insured to change the beneficiary was clearly provided for. *Spengler v. Spengler, supra.* She claims that she did not know of that right until after her husband had left her, and long after these payments had been made, but the policy was always in her possession, and in a proceeding of this nature it would be inequitable and unjust to permit her to rely on her own negligence, if she failed to read it.

A decree will be entered, directing the payment of the proceeds of the policy to Lillian Elizabeth Cass, clear of any lien in favor of Ellen Vandalier Newcomb.